Lexington Ry. Co. v. Cozine.

---

Case 88—Action to Recover Damages for a Malicious Assault by a Railroad Conductor upon a Passenger—Oct. 23.

## Lexington Ry. Co. v. Cozine.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    AFFIRMED.

Master and Servant—Malicious Assault by Conductor on Passenger—Punitive Damages.

Held: It was proper to authorize a jury to award punitive damages against a street railroad corporation for a malicious assault by a conductor in the course of his employment, upon a passenger.

MORTON & DARNALL, FOR APPELLANT.

The plaintiff thus states his cause of action: "Plaintiff says. that on Sept. 2, 1899 he, was a passenger on one of defendant's cars on Main street and had paid his fare, and that the defendant, by its conductor and agent, then and there in charge and control of said car, and without provocation or cause, unlawfully wantonly and maliciously assaulted, beat and bruised him to his damage in the sum of $5,000."

The answer is as follows:

"Defendant for answer, says, that at the time and place in the petition mentioned, the conductor in charge of defendant's car, was one J. L. Lloyd, and that plaintiff made an assault on said Lloyd, and would have beat, bruised and ill-treated him if he had not immediately defended himself, whereupon said Lloyd, without knowledge or assent of defendant, did then and there defend himself against the plaintiff, using no more force than was necessary for that purpose, and in so doing, said Lloyd did beat and bruise the plaintiff which is the same beating and bruising in the petition mentioned, and defendant denies that it unlawfully, wantonly or maliciously beat and bruised plaintiff, or that it has damaged him in the sum of $5,000, or any sum whatever.

The reply traverses the answer except it does not traverse the allegation of the answer that the assault by the conductor was without the "knowledge or assent" of defendant.

The instructions allowed the jury to impose exemplary damages to which the appellant objected and in this we contend the court erred.

We think under the pleadings and proof the liability of the defendant extended no farther than to compensate the plaintiff for the injuries received by him, and the court should have so instructed the jury.

### AUTHORITIES CITED.

Lake Shore & Mich. Southern Ry. Co. v. Prentiss, 147 U. S. Supreme Court Reports; Cleghorn v. N. Y. & R. Co., 56 N. Y., 44; Ricketts v. C. & O. R. R. Co. (W. Va.) 25 Am. St. Rep., 901; Dillingham v. Russel, 73 Texas, 47; Nashville, &c., Ry. Co., v. Stames, 9 Heisk, 52 (24 Am. Rep., 296) Craker v. Chicago Ry. Co., 36 Wis., 376; L. & N. R. R. Co., v. Ballard, 85 Ky., 311; Dawson v. L. & N. R. R. Co., 6 Ky. Law Rep., 668; L. & N. R.R. Co. v. Mitchell, 87 Ky., 337; R. R. Co. v. McCoy, 81 Ky., 403; Herrick's case, 13 Bush, 127; Dill's case, 4 Bush, 593.

JAMES G. DENNY AND GEORGE DENNY, FOR APPELLEE.

It appears from the evidence that the conductor on defendant's car without provocation assaulted, beat and painfully bruised the plaintiff, who was a helpless, inoffensive boy and a cripple, out of mere wantonness and cruelty.

Whilst the plaintiff, under the law is clearly entitled to exemplary damages, we regard the verdict in this case as a meagre compensation for the cruelty inflicted on this crippled boy, and the suffering and humiliation thereby caused.

### AUTHORITIES CITED.

Corporation is liable for punitive damages for malicious and wanton acts of its servant. Hutchinson on Carriers, sec. 815 (a) and cases cited therein. Wood on Railroads, (Minor's Edition, 1894) vol. 2, sec. 317, p. 1418 and cases cited; Wise v. South Covington & Cincinnati St. Ry. Co., 13 Ky. Law Rep., 110 and 17 Ky Law Reporter, 1359. Corporation may ratify the acts of its servant and is bound thereby. Goddard v. Grand Trunk Railway Co., 57 Me., 202, 2 Am. Rep., 39; Bass v. Chicago & Northwestern Railway Co., 42 Wis., 654, 24 Am. Rep., 437; Thompson on Corporations, vol. 5, sec. 6384, subdivision 3; Thos. Onions v. S. C. R. Co., 1 L. R. A., page 682; L. & N. v. Ballard, 85 Ky., 311; L & N., v. Mitchell, 87 Ky., 337.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This action was instituted by plaintiff against the defendant to recover damages for a malicious assault made upon him by one of the defendant's employes in the course of his employment. It is alleged by plaintiff that he was a passenger on one of defendant's cars, and had paid the usual fare; that the defendant's conductor in charge of the car, without provocation, wantonly and maliciously assaulted, beat, and bruised him. A general demurrer was filed to the petition, and also a motion to make it more specific. Both were overruled. The defendant thereupon answered that the plaintiff made an assault upon its conductor at the time and place mentioned in the pe-

tition, and would have beat, bruised, and ill-treated him if he had not immediately defended himself; that the conductor used no more force than was necessary to defend himself, and in so doing did beat and bruise plaintiff. But it denies that such action was wanton or malicious or done with its knowledge or assent. The reply denied that plaintiff had made an assault upon defendant's conductor, or that the conductor used no more force than was necessary to defend himself. Upon this issue a trial was had, which resulted in a verdict for the plaintiff.

The facts attending the assault, as testified to by a number of witnesses, were substantially as follows: Plaintiff boarded defendant's car, paid his fare, and requested to be let off at the Lexington Laundry. As the car approached the laundry, plaintiff signaled to the conductor to stop. Failing to attract his attention, he reached up to pull the bell cord, but by mistake got hold of the wrong cord, and rung up a fare. The conductor thereupon came back and asked what he rang the bell for, and said, "You owe me a nickel." Plaintiff responded, "I have already paid you, but I will give you another nickel," and shoved it along the seat, and at the same time arose for the purpose of alighting. The car, however, did not stop, and he remarked to the conductor, "If you do not stop the car, I will ring the bell again." At the time he said this he was holding to the side of the car with both hands, and standing on the footboard. The conductor responded, "No, damn you! you wont," and immediately struck him twice in the face, bruising one eye and cutting a gash in his face. Plaintiff was a cripple, and partially paralyzed in both legs from the knees down, and was making no effort at all to assault or otherwise injure the conductor.

At the close of the testimony the court, instructed the

jury, first, that they should find for the plaintiff, "unless they should believe from the evidence that at the time defendants agent, J. L. Lloyd, assaulted the plaintiff, said Lloyd believed, and had reasonable grounds to believe, that plaintiff was then and there about to assault said Lloyd, and that it was necessary, or to said Lloyd reasonably appeared to be necessary, to strike the plaintiff, to avert the danger that had arisen, or appeared to said Lloyd to have arisen, to him at the hands of the plaintiff. (2) If the jury believe from the evidence that at the time Lloyd, the defendant's agent, assaulted the plaintiff, said Lloyd believed, and had reasonable grounds to believe, that he was then and there in danger of some personal violence at the hands of plaintiff, and it was necessary, or to said Lloyd reasonably appeared to be necessary, to assault the plaintiff to avert the danger, and if the jury further believe from the evidence that said Lloyd used more force to repel the violence than at the time reasonably appeared to be necessary, the jury should find for the defendant." The third instruction defined the measure of compensation and further told the jury that, if they believed from the evidence that the assault made upon the plaintiff was inspired by malice on the part of said Lloyd towards the plaintiff, they might allow the plaintiff punitive damages, by way of punishment.

It is contended by appellant that, as the reply failed to deny the averment of the answer that the assault by the defendants' conductor "was made without their knowledge or assent," the court erred in the third instruction, in allowing the jury to impose punitive or exemplary damages because of the malice of their conductor; in other words, that the court, under the pleadings and facts of the case, erred in submitting to the jury the question

of punitive damages at all. There is perhaps no question of law in which there has been greater diversity of opinion by courts of last resort than whether a corporation is liable for exemplary damages for the unauthorized malicious acts of its agents or servants, committed in the course of their employment. The doctrine of the Federal courts upon this question, as settled by recent decisions of the supreme court of the United States, is: "First that a corporation is not liable to exemplary damages except where a natural person would be liable to such damages for a similar act done by his agent or servant; second, that a natural person is not generally liable for such damages except where he has commanded the doing of the oppressive act, or subsequently ratified it." Railroad Co. v. Prentice, 147 U. S., 101, (13 Sup Ct., 261), (37 L. Ed., 97). The opinion, however, concedes that corporations may be liable to exemplary damages for the act of an agent within the scope of his employment, provided the criminal intent necessary to warrant the imposition of such damages is brought home to the corporation. And this rule of the Federal courts is in accord with the principle announced by a number of State courts in passing upon the question. But, on the other hand, a great majority of the American State courts hold that a corporation is liable in exemplary damages for the willful, malicious, oppressive, insulting, or fraudulent act of its servant, although it had not precisely authorized or subsequently ratified it, if the act was committed by the servant in the course of his employment, and while acting within the scope of his authority. Hutch. Carr. section 815a, and 5 Thomp. Corp., section 6338. In discussing this question, Mr. Wood, in his work on Railroads (section 317, p. 1417), says: "It was at one time regarded as improp-

er to hold the principal liable for the willful or malicious acts of his agents, and consequently exemplary damages were not recoverable against a corporation for the act of its servants unless it was shown that it authorized or had ratified the act. But, since it is now almost universally held that the master is liable for the willful and even malicious acts of his servant in the line of his duty, the rule which is now generally held in the better class of cases, that exemplary damages may be given against a corporation for injuries inflicted by its servant willfully or maliciously, and whether authorized or ratified by it or not, seems to us to be consistent and just, especially when the action is for personal injuries received by a passenger to whom the company owes a contract duty, and in some of the States such damages are provided for by statute." The rule laid down by Sutherland is: "If a corporation like a railroad company is guilty of an act such as in the case of an individual would subject him to exemplary damages, they would be equally liable to such damages. And when the servants of the corporation engaged in the carriage of passengers are guilty of such acts or conduct in the performance of their duties, in the transportation of the injured party as a passenger, as would subject them to damages of this nature, the corporation is also liable to punitive damages, without proof that they directed or ratified such acts or conduct." See Suth. Dam. p. 271. Pierce, R. R. section 305, says: "Although compensation for the injury is the usual measure of damage, other damages in addition have been allowed where the author of the injury committed it maliciously, willfully, or even recklessly, or, according to some authorities, with gross carelessness. Such supplementary damages are called 'exemplary.'" Time does not permit, nor is

it needful, that we should undertake to cite the numerous cases in which this rule has been followed in other States. It is sufficient to say that it is too firmly grounded in the jurisprudence of this State to be now questioned. It has been emphatically approved in Railroad Co. v. Ballard, 85 Ky., 311 (9 R. 7) (3 S. W., 530), (7 Am. St. Rep., 600); Same v. Mitchell, 87 Ky., 327 (10 R. 211) (8 S. W., 706); Same v. Long, 94 Ky., 410 (15 R. 199) (22 S. W., 747),—and in numerous other cases. And while there is nothing in this record to show that appellant either authorized or approved the conduct of its conductor in this transaction, yet he was clearly acting in the line of his employment at the time of his brutal and unjustifiable assault upon a passenger who was entitled to his care and protection, and the case is clearly brought within the rule of law which authorized the instruction complained of.

Judgment affirmed.