CASE 40—ACTION BY ROBERT WILLIAMS' ADMR. AGAINST THE SOUTHERN RAILWAY IN KENTUCKY FOR DAMAGES FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—APRIL 22.

# Williams' Admr. v. Southern Railway in Kentucky.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

RAILROADS—INJURY TO TRESPASSER—MALICIOUS ACT OF BRAKEMAN IN SCOPE OF HIS AUTHORITY.

Held: 1. A railroad company is liable for the malicious act of its brakeman in pushing a boy off a moving freight car, if such act was done "in the line of his employment, and while acting within the scope of his authority," though it was not done "in the interest and business" of the company.

MATT O'DOHERTY AND A. BIZOT, ATTORNEYS FOR APPELLANT.

It is alleged in the petition that a brakeman in the employ of defendant, recklessly, wrongfully, and unlawfully pushed plaintiff's intestate, a boy fifteen years of age, from the top

Williams' Admr. v. Southern Ry. in Kentucky.

of a moving car and so maimed him that he died soon thereafter of the injuries. Nine jurors returned a verdict for the railroad company, and a motion for a new trial having been overruled, plaintiff appeals.

We claim that the preponderance of the evidence shows that the brakeman seemed to be incensed by the presence of some boys on the top of the cars and became angry, and having run them over the cars, and catching up with the Williams boy, struck him and knocked or pushed him off of the car whilst it was in motion. His act was brutal and reckless, and while he did not intend to kill the boy, yet, in what he did, or attempted to do in removing a trespasser, he was acting in the scope of his employment, and was defendant's agent, and it must answer for his wrongful act.

Our contention is:

1. The court erred in submitting to the jury in this case, in any form, the question as to whether the brakeman was acting within the scope of his authority in removing decedent from the cars of the company. The court should have taken judicial notice of the fact that the duty—the abuse of which was the basis of appellant's action—was one which was intrusted to the brakeman by the defendant.

2. Even if the court was not bound to take judicial notice of the extent or character of the duty devolving upon the brakeman with reference to trespassers on the company's cars, the uncontradicted evidence of defendant's witnesses, Eads and Howell, showed it to be the brakeman's duty to remove trespassers, and the court should not have submitted the question to the jury.

3. By the instructions requiring the jury to find that the brakeman's act in throwing or pushing the boy from the train, was done in the *"interest and business* of the defendant" before they could find for the plaintiff, the jury were misled, in that they required the jury to believe not only that the act of the brakeman complained of was done within the scope of his employment in the defendant's *business,* but that the defendant had some *interest* to be advanced by the wrongful act itself.

Under section 241 of our Constitution the better opinion now is that a corporation must answer for the acts of its agents within the scope of their employment, however fraudulent, malicious or otherwise wrongful the acts may be.

### AUTHORITIES CITED.

Morgan v. Thompson, 82 Ky., 383; Spring's Adm'r. v. Glenn, 12 Bush, 172; Smith v. L. & N. R. R. Co., 95 Ky., 11; 15 Ky.

Law Rep., 392 and 393; Thurman v. L. & N. R. R. Co., 17 Ky. Law Rep., 1344; I. C. R. R. Co. v. West, 22 Rep., page 1388, 22 Ky. Law Rep., pages 1388 and 1389; Lexington Ry. Co. v. Cozeine, 23 Ky. Law Rep., 1139 and 1140; Shearman & Redfield on Neg., sec. 154, note 7; Oakland Agricultural Society v. Bingham, 4 Ind. App., 545, 31 N. E., 383; Jaggard on Torts, p. 258; Texas & Pacific R. R. Co. v. Scoville, 10 C. C. A., (62 Fed. Rep., 730); Culp v. Railroad Co., 17 Kans., 475; Railway Co. v. Harmon, 47 Ill., 298; Denver & Rio Grande Ry. Co. v. Harris, 122 U. S., 597, 30 Law Ed., p. 1148; Sanford's Admr. v. R. R. Co., 23 N. Y., 343, 8 Am. Neg. Cases, 520; Rounds v. Delaware R. R. Co., 64 N. Y., 129, 8 Am., N. Cases, 536.

HUMPHREY, BURNETT & HUMPHREY, ATTORNEYS FOR APPELLEE.

We submit that the evidence in this case shows conclusively that the injury which it is claimed caused Robert Williams' death, was brought about by his own negligence, in stealing a ride upon the side ladder of the train and losing his hold or footing and falling to the ground, and not by being knocked or thrown from one of the cars.

The principal ground relied on by appellant for reversal, is that the court erred in instructing the jury.

We admit that a corporation is liable for the negligent and wrongful acts of its employes, provided the act complained of is within the scope of the employment of such servant, and he is at the time engaged in carrying on his master's business.

From the instructions given it is perfectly plain that if the deceased was knocked or thrown from one of appellee's trains by one of its employes, and that the act was done in the interest and business of the railway company, the company was liable.

Under these instructions the verdict given by the jury meant one of two things: either that the jury did not believe that Robert Williams was knocked or thrown from appellee's train by any of its employes, or that if such a thing did occur, the employe was not at the time acting in the interest and business of his master, but was committing a malicious act, that is, attempting to kill or injure the boy.

The law does not consider that the malicious acts of a servant, done outside the scope of his employment and not in the furtherance of his master's business or interest, are the acts of the master.

This was essentially a jury case, and was fairly tried out before a jury under instructions that have been approved by the court of appeals, and resulted in a verdict for the defendant and should be affirmed.

AUTHORITIES CITED.

Am. & Eng. Ency. of Law, vol. 20, p. 167; Illinois Central R.
R. Co. v. West, 22 R., 1387; Smith v. L. & N. R. R. Co., 95
Ky., 16.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

This suit was instituted by the appellant, John H. Well-
er, as administrator of Robert Williams, against the appel-
lee, the Southern Railway in Kentucky, for damages for
having caused the death of his decedent. The petition
alleges in substance that plaintiff's intestate, a boy of
about 15 years of age, was on top of one of defendant's
freight cars, which was being hauled through the city of
Louisville; that one of the defendant's agents in charge
of the train wrongfully pushed or threw him from it to the
ground below; and that the fall so bruised and injured
him that he shortly thereafter died. The defendants in
their answer, which is in two paragraphs, first traverse
all of the affirmative averments of the petition, and deny
that the boy was thrown from the car at all. The second
is a plea of contributory negligence.

Upon the trial three witnesses were introduced, who
claimed to have seen plaintiff's intestate on the car and to
have witnessed his fall therefrom. Two of these, Mes-
dames Lofler and Kurtzinger, were introduced by the plain-
tiff. They testified, in substance, that on Saturday, the
17th of March, 1900, between 3 and 4 o'clock in the after-
noon, they were walking on the railway track near Green-
wood avenue, in the city of Louisville; that a freight train,
composed exclusively of box cars, passed the place where
they were, going north towards Broadway; that as the
train approached them they stepped off the track; that
whilst the train was passing, they saw three boys running
along the top of the cars which composed the train, and

one of the defendant's employes in pursuit of them; that
the trainman overtook the last boy and knocked him off
the train, saying, "You d—— son of a b——, I have been
telling you I would kill you if you did not keep off this
train;" that when he fell to the ground he lay perfectly
still for a few moments, and finally got up crying, and
said he was hurt in the side; that he staggered down the
track in the direction of his home, being joined in a short
time by the other two boys; that they recognized this boy
as Robert Williams; and that he died on the 23d day of
March thereafter.

The defendant introduced as a witness James Robertson,
who testified in substance that the deceased, Robert Will-
iams, and himself boarded one of the defendant's freight
trains near Weber's Bend, and rode over to Broadway on
Sunday after St. Patrick's Day, which was the 18th of
March; that he got on top of the car, but that Williams
was standing on the side ladder near the front end of the
car, holding on with one hand, and in some way he lost
his hold, and fell to the ground, near Broadway; that he
immediately jumped down from the top of the car and
picked him up, and assisted him down to a distillery, from
which point Williams went straight home; that none of
the train employes knocked or threw him from the train
or were anywhere near him at the time of the fall, nor did
anyone threaten or curse him. He also testified that he
and Robert Williams had been in the habit of boarding de-
fendant's freight trains and stealing rides in this manner.
The physician who attended deceased testified that he died
from "spinal meningitis," but that this disease could be
produced by a blow or shock such as is alleged the de-
ceased received in being thrown from the car. Numerous
other witnesses were introduced with a view of impeach-

ing the testimony of this witness, and the other two for plaintiff, but their testimony is not important in the determination of the questions of law raised by this appeal.

The trial resulted in a verdict for the defendant, and the plaintiff has appealed, relying for reversion upon errors in instructions Nos. 1 and 2 which were given to the jury, and which are as follows:

"(1) If the jury believe from the evidence that Robert Williams was riding upon one of the cars of the defendant, the Southern Railway Company in Kentucky, at the time complained of herein, and that while so riding he was thrown or pushed from said car by one of the servants or employes of the defendant in charge of said cars, and by reason thereof was injured to such an extent that death resulted therefrom, they should find for the plaintiff, unless they believe from the evidence that the act of such employe or servant was malicious, and not done in the interest and business of the defendant.

"(2) If the jury believe from the evidence that Robert Williams was not riding upon one of the cars of the defendant at the time complained of herein, or that while so riding he was not thrown or pushed from said car by one of the employes or servants of the defendant in charge of said cars, or that the act of such employe or servant in throwing or pushing said Williams from said car was malicious, and not done in the interest and business of the defendant, or that the death of Robert Williams was not caused by the injuries, if any, received by him by being thrown or pushed from said car, they should find for the defendant."

In both of these instructions the jury were told that if the act of the servant was malicious, and not in the interest and business of the defendant, no recovery could be

had. And we are referred to Smith v. L. & N. R. R. Co., 95 Ky., 16 (15 R., 390) 23 S. W., 652, 22 L. R. A., 72, and Illinois Central R. R. Co. v. West (22 R., 1387), 60 S. W., 290, as authority for this qualification of defendant's liability for the malicious act of a servant committed in the course of his regular employment. The opinions in the cases referred to do not support this contention.

In the case of Smith v. L. & N. R. R. Co., supra, the plaintiff, a minor, charged that one of defendant's agents or servants kicked or threw him off its train, thereby breaking his arm and causing other serious injuries. The defense in that case was that the brakeman charged with throwing plaintiff off the train had no authority in the premises, and the court instructed the jury that: "If the brakeman was not charged or required, as part of his duty under his employment as brakeman, to put persons off the train who had failed to pay their fare, they should find for the defendant." The jury found for the defendant, and upon appeal to this court the judgment was reversed, the court saying: "We are of the opinion that the only question under the pleadings and proof which should have been submitted to the jury was whether the brakeman kicked the plaintiff from the train." And quoted with express approval from the opinion in Hoffman v. New York Central and Hudson River R. R. Co., 87 N. Y., 25, 41 Am. Rep., 337, as follows: "But, assuming authority in the conductor or brakeman to remove a trespasser in a lawful manner, the question remains whether, when a conductor or brakeman, without warning or notice of any kind, kicks a boy of 8 years from the platform of the car while the train is running at a speed of 10 miles an hour, he can be said to be acting within the scope of his employment so as to make the company liable for the act. Assuming the case made by

Williams' Admr. v. Southern Ry. in Kentucky.

the plaintiff, the act was flagrant, reckless, and illegal, out the point is, was the act within the scope of the employment and authority? In this case the authority to remove plaintiff from the car was vested in defendant's servants; the wrong consisted in the time and mode of exercising it. . . . In all cases where unnecessary force is used, it may be said that the servant acted without authority, express or implied. It can be truthfully claimed in all cases and by all companies that the authority of their servants is limited to the exercise only of force sufficient to eject the passenger in a lawful manner. Nevertheless the company is liable if the servant, in the exercise of his authority within the general scope of his employment and in the line of his duty, use unnecessary force, or use it under circumstances or at a time when the consequences ordinarily would seriously injure the person ejected. . . . We are of opinion that the only issues to be submitted to the jury in this case are whether or not the brakeman kicked the plaintiff off, and whether he did so without malice or evil design as above indicated. Upon the determination of these issues depend the question of the company's responsibility for plaintiff's injury." And the judgment in favor of the defendant in that case was reversed.

In Illinois Central R. R. Co. v. West, appellee had recovered a judgment against the Illinois Central Railroad Company for personal injuries in being thrown or kicked from a moving train of appellant by one of the brakemen employed on it. The company appealed, and sought to escape liability on the ground that the brakeman's act was malicious, and not done in the master's interest and business, and for this reason the company was not liable. Their contention was denied, and the judgment of the lower court affirmed, the court holding that the act of the servant

was within the general scope of his employment and authority and in the line of his duty.

In Thurman v. L. & N. R. R. Co. (17 R., 1343), 34 S. W., 893, a negro boy 13 years of age, with two companions, crawled under a freight car of appellee, and got on a truss rod, and, while thus riding, they were discovered by one of the defendant's brakemen, who pushed him off while the car was in motion, and he lost an arm and a leg as a result thereof. A trial before a jury resulted in a verdict for the defendant. Upon appeal, this court said: "The boy was a trespasser; nevertheless the trainman might not eject him from the train when to do so would probably endanger his life or even cause him to be injured. If the trainman pushed the boy off the train or caused his fall therefrom as charged, the law permits a recovery, and if they did not the law is for the defendant. There was nothing else to go to the jury, as it is well settled in numerous cases that, in spite of his wrongful conduct, the trespasser does not forfeit his life or subject himself to loss of limbs without redress."

. In the case of the Lexington Railway Company v. Cozine (111 Ky., 799, 23 R., 1137), 64 S. W., 848, the question was whether the railway company was liable in exemplary damages for the willful, malicious, oppressive, or insulting act of one of its conductors, although it had not previously authorized or subsequently ratified it. After a careful review of the authorities the court reached the conclusion that while the question was not free from difficulty, the great weight of authority held the master liable for malicious action of his servant when acting in the line of his duty within the scope of his authority.

Appellee's trainman was acting within the scope of his authority and in the line of his duty in requiring decedent

to get off the train, and, if his conduct in the discharge
of this duty was brutal and reckless, this fact does not re-
lieve the company from liability for his acts committed in
the course of his employment.  We are therefore of the
opinion that the instructions were erroneous and mislead-
ing in the use of the words, "not done in the interest and
business of the defendant" instead of words, "not done
in the line of his employment and while acting within the
scope of his authority."

For reasons indicated, the judgment is reversed, and
cause remanded for proceedings consistent with this opin-
ion.

Petition for rehearing by appellee overruled.