Case 2—ACTION BY JOHN STEWART AGAINST THE NEW ELLERSLIE FISHING CLUB & WILL PROCTOR FOR DAMAGES FOR A PERSONAL INJURY.—May 15.

## New Ellerslie Fishing Club v. Stewart.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for plaintiffs. Defendants appeal. Affirmed.

1. Master and Servant—Torts of Servant—Joint Liability—The common law procedure having been superseded by the Code, a joint action may be prosecuted against a servant and his master for the servant's tort within the scope of his employment.
2. Same—Injuries to Third Persons—Master's Liability—Action —Burden of Proof—In an action against a master and servant, the complaint alleged that the servant invested with power to eject persons from the master's premises, while acting in the line of his employment, assaulted and inflicted injury upon the plaintiff who, at the time, was lawfully upon the premises under a privilege extended to him by the master, and the master's answer denied that plaintiff had any privilege or that the servant wrongfully attempted to eject him, or that the servant, while acting in the line of his employment, committed the assault complained of. Held, that under such answer the burden of proof was on plaintiff.
3. Evidence—Burden of Proof—Where a cause of action is jointly prosecuted against two or more, if the burden of proof is on plaintiff as to either of them, the court, in the exercise of a sound discretion, has the right to give plaintiff the burden of proof on the whole case.
4. Master and Servant—Injuries to Third Persons—Scope of Employment—Where a servant employed by a fishing club, and empowered to eject all persons engaged in fishing on the premises without authority, attemped to prevent plaintiff from fishing, and committed an assault and battery on him as a mere continuation of an altercation that arose at the time, the servant in committing the assault was acting within the scope of his employment.

5.  Same—Evidence—Admissibility—Where,  in  an  action  against
a  fishing  club  and  a  servant  thereof  for  an  assault  committed
on  plaintiff  by  the  servant  while  endeavoring  to  eject  plaintiff
from  the  club's  fishing  grounds,  plaintiff  claimed  in  the  peti-
tion  that  a  privilege  to  fish  there  had  been  granted  to  him,  it
was  proper  to  admit  evidence  tending  to  show  that  previous  to
the  difficulty  the  servant  knew  that  plaintiff  was  in  the  habit  of
fishing  there,  and  had  not  made  any  objection.

GEO.  S.  SHANKLIN  and  JOHN  T.  SHELBY  for  appellants..

## POINTS  AND  AUTHORITIES.

1.  The  plaintiff  should  have  been  required  to  elect  as  against
which  defendant  he  would  prosecute  his  action.  (Warax  v.  Rail-
way  Co.,  72  Fed.  637;  Hukill  v.  Railroad  Co.,  Id.  745;  Gustafson
v.  Chicago,  &c.  R.  Co.,  128  Id.  85;  Shaffer  v.  Union  Brick  Co.,
Id.  97.

2.  The  burden  of  proof  was  upon  the  defendants.  (Phillips  v.
Mann,  19  K.  L.  R.  1705;  Johnson  v.  Strong,  22  Id.  577;  Ashland,
&c.  Street  Railway  Co.  v.  Hoffman,  26  Id.  778.

3.  The  New  Ellerslie  Fishing  Club  was  entitled  to  a  peremptory
instruction,  the  tresspass  complained  of  not  having  been  commit-
ted  by  Proctor  in  the  line  of  his  employment.  L.  &  N.  R.  R.  Co.
v.  Routt,  25  K.  L.  R.  887;  Sullivan  v.  L.  &  N.  R.  R.  Co.,  115
Ky.  447;  Evers  v.  Krouses,  66  L.  R.  A.  592.)

4.  Errors  in  the  admission  of  evidence.

WALLACE  MUIR  for  appellee.

1.  Plaintiff  not  required  to  elect  and  no  misjoinder  of  parties
defendant.  (Watson  on  Damages,  Sec.  734;  Lexington  Railway
Company  v.  Cozine,  23  K.  L.  R.  1137;  L.  &  N.  R.  R.  Co.  v.
Ballard,  85  Ky.  311;  L.  &  N.  R.  R.  Co.  v.  Mitchell,  87  Ky.  327;
L.  &  N.  R.  R.  Co.  v.  Long,  94  Ky.  410;  Hutchison  on  Carriers,
Sec.  815;  C.  &  O.  R.  R.  Co.  v.  Dickson,  104  Ky.  608;  Approved
Supreme  Court  U.  S.,  179  U.  S.  122.)

2.  Burden  of  Proof—This  question  authorities  same  as  above.

OPINION  BY  JOHN  D.  CARROLL,  Commissioner—Af-
firming.

The  appellant  the  Ellerslie  Fishing  Club  owns  and
has  the  exclusive  fishing  privileges  in  the  lakes  and
pools  of  water  of  the  Lexington  Hydraulic  &  Manu-
facturing  Company,  and  the  appellant  Will  Proctor

was an employe of the fishing club; his duties being
to prevent persons from fishing, who have not been
granted that privilege.    The appellee was an em-
ploye of the hydraulic and manufacturing company,
and by virtue of privileges extended to employes of
the company was engaged in fishing in one of the
pools, when Proctor, in an attempt to prevent him
from fishing, engaged in an altercation with him, and
cut him with a knife. Appellee alleged that Proctor
had been invested by the fishing club with power to
eject all persons engaged in fishing without authority
from the premises, and that while acting in the line
of his employment as the agent and servant of the
fishing club, he assaulted and inflicted the injury
complained of.    To recover damages for the injury
thus inflicted, the appellee brought this action against
the fishing club and Proctor, and recovered $400.
The appellants, before answering, moved the court
to require appellee to elect which defendant he
would prosecute the action against. Of the action of
the court in overruling this motion they complain,
and insist that the cause of action stated could not
be maintained against the corporation and the serv-
ant jointly.    This contention might be well taken
if the common-law system of pleading prevailed in
this State, as the action against the servant who com-
mitted the injury would be in trespass, while the
action against the corporation for the wrongful act
of its agent would be in case; but the common-law
procedure has been superseded by the Code, and it
is now well settled that a joint action may be prose-
cuted against the servant and master, or the cor-
poration and its employe, for a tort of the servant
or agent whilst acting within the scope of his em-
ployment. In Illinois Central R. Co. v. Coley, 121 Ky.,
89 S. W., 234, 28 Ky. Law Rep., 336, which was a
joint action against the railroad company and an en-
gineer in charge of a train, this court said: ''If in

operating the engine the engineer was acting as the agent of the railroad company, and his act was its act, then it is also responsible to her upon the principal that he who does an act by another does it himself. If both he and it were liable for the wrong, they were both wrongdoers, and, being wrongdoers, may be sued jointly. A person injured in this State is not required to bring separate actions against the wrongdoers, but he may sue any or all of them at his election. The jury may find separate verdicts, and he may recover against some and not against others. Under statutes such as ours, we see no reason why the principal and agent may not be sued jointly for a wrong done by the agent in the course of his agency. Any other rule would do injustice, as it would require a plaintiff to prosecute two actions, and force him to elect between wrongdoers as to which he would sue." I. C. R. Co. v. Houchins, 121 Ky., —, 89 S. W., 530, 28 Ky. Law Rep., 499; C. N. O. & T. P. R. Co. v. Cook, 113 Ky. 161, 24 Ky. L. R. 2152, 67 S. W., 383. In Thompson on Negligence, Sec. 6288, it is stated that: "It is now well settled that a corporation may be joined as a defendant with its agent in an action to recover damages for tortious act committed by the agent in the general line of its previously conferred authority, or where there has been a subsequent ratification by the corporation of his wrongful act, as, for instance, where the wrong consisted of the negligence of the servant, or of an assault and battery committed by him, or where he has, when acting for the corporation, become liable for a malicious prosecution of a criminal action." It is also urged as ground for reversal, that the court erred in refusing to give to appellants the burden of proof, and in denying them the right to make the concluding argument. Appellants filed separate answers. The answer of the fishing club denied that Stewart was an employe of the hydraulic and manu-

facturing company, or that he had any right to fish in the pools or lakes, or that Proctor wrongfully attempted to prevent him from fishing, or that Proctor as the agent of the fishing club, or while acting in the line of his employment, committed the assault and battery complained of. Proctor, in his answer also, denied that Stewart was an employe of the hydraulic and manufacturing company, or that he was fishing under a privilege extended to him, or that a wrongful attempt to prevent plaintiff from fishing was made, or that he was acting in the line of his employment when he committed the assault and battery complained of. Both defendants averred that appellee, Stewart, first attacked Proctor, who in defense of his person, assaulted Stewart, using no more force than was necessary. To recover against the fishing club under the pleadings it was necessary for Stewart to prove that Proctor, at the time of this assault, was not only an employe of the fishing club, but that he was acting within the line of his authority. It may be true that if the action had been against Proctor alone, under his pleading that the assault was made in defense of his person, the burden of proof would have been on him, but, as plaintiff prosecuted the action against both defendants, it was necessary to a recovery that he should make out his case against both, and there can be no doubt that under the answer filed by the fishing club, the burden of proof was on the plaintiff as to it, and the rule is that where a cause of action is jointly prosecuted against two or more defendants, if the burden of proof is on the plaintiff as to either one of them, the court, in the exercise of a sound discretion, and to avoid confusion, has the right to give him the burden in the whole case. Andrews v. Hayden's Adm'r, 88 Ky. 455, Ky. L. R. 1049, 11 S. W., 428; Simons v. Pearson, S. W., 259, 22 Ky. Law Rep., 1707.

It is further urged that in committing the assault upon appellee, Proctor was not acting within the line

of his employment, and therefore the fishing club is. not liable for his conduct, and in support of this view our attention is called to the cases of L. & N. R. Co. v. Routt, 76 S. W. 513, 25 Ky. Law Rep., 877, Sullivan v. L. & N. R. Co., 115 Ky., 447, 24 Ky. L. R., 2344, 74 S. W., 171, 103 Am. St. Rep., 330. In the first mentioned case, the corporation was held not liable for the act of its servant in purposely and maliciously throwing a lump of coal at Routt, with a design to injure him, the servant not being at the time acting. within the scope of his employment. In the latter case, the court said: ''Where the servant steps aside from his employment, and assumed to act and does act solely on his own account in a matter which the master has no more connection with than if he were the most complete stranger, it would not be logical or fair to make the master vicariously suffer for it. For in doing that act, the servant, so called, was absolutely his own master.'' In both these cases the initial act of servants was outside the line of their employment. At no time during the transaction were they acting within the scope of their duties.

It is difficult to define with accuracy the point at which the master's liability for the acts of his servant ends, but, under the facts of this case, Proctor, when he attempted to prevent appellee from fishing, and when the altercation between them commenced, was clearly acting within the scope of his employment, and the assault and battery complained of was merely a continuation of the first act. There was no appreciable length of time between them. Everything that was done happened on the premises under the control of the fishing club, and where Proctor had authority as its agent. Where the agent begins a quarrel while acting within the scope of his agency, and immediately follows it up by a violent assault, the principal will be liable, as the law under the circumstances will not undertake to say when in the course

of the assault he ceased to act as agent, and acted upon his own responsibility. In Lexington Ry. Co. v. Cozine, 111 Ky., 799, 64 S. W., 848, 23 Ky. Law Rep., 1137, the company was held liable for a brutal and unjustifiable assault upon a passenger by the conductor in charge of its train. In Wise v. Covington & Cincinnati St. Ry. Co., 91 Ky. 537, 13 Ky. L. R., 110, 16 S. W., 351, the company was held liable for an assault by its conductor on a passenger, committed on the street and after the passenger had left the car, the court holding that the altercation having commenced on the car, the assault was merely a continuance of the wrong. In Williams v. Southern Ry. Co., 73 S. W., 779, 24 Ky. Law Rep., 2214, the company was required to respond in damages for injuries inflicted on a trespasser by a trainman, who, after cursing him, kicked him off the train, the court saying: "appellee's trainman was acting within the scope of his authority and in the line of his duty in requiring decedent to get off the train, and if his conduct in the discharge of his duty was brutal and reckless, the fact does not relieve the company from liability for his acts committed in the course of his employment."

It is insisted that error was committed in permitting evidence tending to show that previous to the difficulty Proctor had knowledge that appellee was in the habit of fishing in the pool, and that he had not previous to this occasion objected to it. This evidence under the issues made by the pleading, was competent for the purpose of showing that appellee had the right to fish, and that this right had been recognized by Proctor as the agent of the fishing club charged with the duty of preventing persons from fishing who did not have the right, and that, in attempting to prevent appellee from fishing, Proctor was exceeding his authority.

Upon the whole case, we have not found any error prejudicial to appellants, and the judgment of the lower court is affirmed.