CASE 74.—ACTION BY V. BOWERMAN & CO. AGAINST MITCHELL TAYLOR FOR CUTTING AND CONVERTING TIMBER.—January 21.

## Bowerman & Co. v. Taylor

Appeal from Pulaski Circuit Court.

M. L. Jarvis, Circuit Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

1. Logs and Logging—Standing Timber—Sale—Construction—Reasonable Time.—Where a contract for the sale of standing timber does not specify the time for the removal of the timber, the buyer is required to remove it within a reasonable time, and the sale operates to convert the timber into personal property.

2. Same.—Where a' deed conveying standing timber authorized the removal thereof within 10 years, the trees were not converted into personalty, but remained real estate, though they were marked for identification.

3. Same—Subsequent Bona Fide Purchasers.—Ky. Stats., 1903, section 1409, subsection 13, declares that no contract for the sale of standing trees shall be enforceable by action, unless the contract or some memorandum thereof be in writing, signed by the person to be charged, or his duly authorized agent, and subsection 14 declares that, when any timber has

Bowerman & Co. v. Taylor.

been branded by the seller, or by anothe with his consent with the brand of the purchaser, or other person or corporation, then the title to the timber shall at once pass to the person or corporation whose branu is placed thereon. Section 1908 provides that every voluntary alienation of personal property, unless accompanied by actual possession, shall be void as to a purchaser without notice, prior to the lodging of the transfer for record, etc. Held, That, where a grantee of standing timber by deed endorsed on the deed a recital that he conveyed all his right, title, and interest in and to the timber described in the deed to R., such indorsement, duly signed, operated as a valid transfer of the timber to R. as between the parties, but R., not having branded the trees, it was invalid regarding the trees as personalty as against a subsequent innocent purchaser from the transferror.

4. Same.—Ky. Stats., 1903, section 496, declares that no deed conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration without notice until such deed shall be acknowledged or proved according to law and lodged for record. Held, That, where a grantee in a deed of standing timber transferred his interest therein to R. by an indorsement on the back of the deed, which was not recorded after indorsement, R. was not entitled to the trees, treated as real estate, as against a subsequent bona fide purchaser from the transferror.

STONE & STONE, SMITH & BURTRAM for appellants.

1. Did the trees referred to in the petition, by their sale and conveyance by Shelby, Coffey and others to D. Hungerford by deed of October 12, 1899, remain realty, or were they by said sale and conveyance converted into realty?

2. Whether said trees were realty or personalty under said sale, was the defendant entitled to be protected in the title claimed by him by reason of his purchase from Hungerford, without notice of the previous sale by Hungerford to Rosengrant?

### AUTHORITIES CITED.

Byassee v. Reese, 4 Metcalf, 372; Ky. Stats., section 1409, subsection 13; The Asher Lumber Co. v. Carnett & Co., 22 Ky. Law Rep., 569; Ky. Stats., section 1409, subsection 14· The Asher Lumber Co. v. Carnett & Co., 22 Ky. Law Rep., 569; Bell County Land & Coal Co. v. Moss., 97 S. W., 354; Byassee v. Reese, 4

Metcalf, 371; Tilford v. Dodson, 2- Ky., 222; Ky. Stats., section 1409, subsections 13 and 14; Asher Lumber Co. v. Carnett, etc., 22 Ky. Law Rep., 569; Byassee v. Reese, 4 Metcalf, 372; Mueller, etc., v. Englen, etc., 12 Bush, 441; Spalding v. Paine, 5 Ky. Law Rep., 391; Carlisle v. Juniper, 5 Ky. Law Rep., 190; Burk v. Shannon, 19 Ky., 1170; ·Street's Admr. v. Tuggle, 13 Ky., 539; Owen v. Dixon, Mavkay & Co., 11 Ky., 902.

O. H. WADDLE & SON for appellee.

WESLEY & BROWN and P. H. TAYLOR of counsel.

## POINTS AND AUTHORITIES.

1. The sale of standing, growing timber, not in contemplation of its immediate severance from the soil, does not convert it into personalty, but such timber still adheres to and remains a part of the realty, and this whether it is marked for identification or not. (Wiggins v. Jackson, 24 Ky. Law Rep., 2189; Dils v. Hatcher, 24 Ky. Law Rep., 826; The Asher Lumber Co. v. Cornett, 23 Ky. Law Rep., 602; Bell County Land & Coal Co. v. Moss, 30 Ky. Law Rep., 6.)

2. Although a definite time may be fixed for the removal· of standing timber, if the length of time fixed is· so far in the future or the contract of sale shows an immediate severance was not intended or expected, such timber is not converted from realty into personalty, and especially is this true where the vendor and vendee of the timber shows an intention to still treat it as a part of realty. (The Asher Lumber Co. v. Cornett, 23 Ky. Law Rep., 602.)

3. Prior to the legislative act of May 4, 1880, and the other legislative acts now embodied in section 1409, Ky. Stats., the sale of standing trees or standing timber in contemplation of immediate severance from the soil did not come within the statute of frauds requiring contracts for the sales of real estate to be in writing, but subsection 13 of this statute changes this rule and contracts for the sale of standing trees or standing timber are now required to be in writing to be enforcible the same as in cases of the sale of the real estate itself, and it must necessarily follow that to be valid against subsequent bona fide innocent purchasers, such written contracts of sale must be duly acknowledged and recorded. (Ky. Stats., section 1409, subsection 13; Ky. Stats., sections 1908 and 496.)

4. In sales of timber, whether constructively severed from the

soil by branding standing trees, or after their actual severance, to be binding upon subsequently innocent purchasers the possession must actually accompany the sale, or constructively so by branding the trees with the brand of the purchaser, or by giving constructive notice by the lodging for record of a duly acknowledged conveyance therefor. (Ky. Stats., section 1409, subsection ·14; sections 496 and 1908.)

5. Under section 496, Ky. Stats., which materially changed the law as to the conveyance of both real and personal estate, no deed conveying title to either real or personal estate is valid against a purchaser for a valuable consideration, without notice thereof, until such deed is acknowledged or proved according to law, and lodged for record, and as appellee became the purchaser of the timber in contest for a valuable consideration and without notice, actual or constructive, of the title under which appellants claim, he is entitled to protection as an innocent purchaser.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellants sued appellee for cutting and converting to his own use 3,000 white oak trees of which they claim to be the owners. Issue was joined upon the question of ownership, and the case submitted to the court upon an agreed state of facts, whereupon the court found that appellee was the owner of the timber in litigation, and dismissed appellants' suit. Believing that he erred in so doing, appellants prosecute this appeal.

The facts are as follows: On the 12th day of October, 1899, Shelby Coffee and others by deed conveyed to D. Hungerford all of the white oak timber above 18 inches in diameter upon about 1,500 acres of land, except 28 board trees, which had at the date of this sale been branded. All of the timber embraced in this sale was blazed and branded with a branding hammer with the letter "M" thereon, and it was specified that in the use of the "M" it had been

inverted at times so that it made the brand on some of the trees a "W," and it was further specified in the deed that this timber was to be cut and removed from the premises within 10 years after the date of the conveyance. This deed was duly recorded in Wayne county, in which this timber was located. On the 15th of November, 1899, after the timber had been blazed and branded as aforesaid, D. Hungerford, by written indorsement on said deed, which after being recorded had been returned to him, conveyed to G. M. Rosengrant all of his right, title, and interest in the timber described in the deed. Said indorse-ment is in words and figures as follows: "For the purpose of carrying out the provisions of the con-tract referring to the manufacture of staves entered into by G. M. Rosengrant, J. H. Zarecor, Louis Bax-ter, and D. Hungerford, I hereby convey, assign, and set over to the said G. M. Rosengrant all my right, title, and interest in and to the timber described in this deed. Witness my hand this 15th day of Novem-ber, 1899. (Signed) D. Hungerford." On the 24th day of August, 1901, D. Hungerford sold and con-veyed the timber on this same land, by deed similar to the deed from Coffee and others to him, to William B. Marr and R. D. Herbert, and this deed to Marr and Herbert was duly recorded on the 10th day of Octo-ber, 1901, in the clerk's office of Wayne county. At the time of this sale and conveyance to Marr and Herbert there was no evidence of record in the Wayne county clerk's office of the sale by Hungerford to Rosengrant. Marr and Herbert sold this timber to others, and by different conveyances, regularly made, the title thereto was passed from purchaser to purchaser until it was finally sold to appellee, and at the time he became the purchaser thereof he had

no notice of the sale to Rosengrant.  The provisions
of his deed were the same as those contained in the
deed from Coffee and others to Hungerford, except
it was provided in the deed that he should have 10
years from the 12th day of October, 1899, to remove
the timber, as provided for in the original deed.  On
the 16th day of May, 1902, Rosengrant and his asso-
ciates sold and conveyed the same timber to J. H.
Stout, by deed duly acknowledged and recorded in
the proper office on the 29th day of July, 1902, and
thereafter Stout sold this timber to appellants, and
it is through this title that appellants claim owner-
ship.

For appellants it is insisted that this timber in
question, though the purchaser had 10 years within
which to remove it, was personalty, and they base
this claim upon the opinion of this court in the case
of Byassee v. Reese, 4 Metc. 372, 83 Am. Dec. 481, in
which it is said: "A sale of standing trees in con-
templation of their immediate separation from the
soil by either the vendor or vendee, is a constructive
severance of them, and they pass as chattels."  In
that case the sale was verbal.  The timber was
branded, but no date fixed within which it should be
removed, and the court said that this was contem-
plation of immediate severance.  For appellants it is
contended that this language, "in contemplation of
immediate separation from the soil," is used to dis-
tinguish a sale of standing trees, which passes no in-
terest in the land except a right to enter upon it for
the purpose of removing the timber, from a contract
conferring the exclusive right to the land for a time
for the purpose of making a profit out of the growth
of the timber upon it; that the court did not intend
by the expression, "in contemplation of immediate

severance,'' that the timber should be taken off at once, but intended to convey the idea that no profit was to be made out of the growth of the timber, and that the words "immediate severance," or "immediate separation from the soil," were used, not in their absolute sense, but are relative terms, and that what would be a reasonable time in which to take the timber from a small tract of land would not be a reasonable time within which to take it from a large tract of land. This is doubtless true; but we have been unable to find any case, and the learned counsel for appellants have referred us to none, where any court has ever held that the standing timber was regarded as personal property where anything like so long a time as 10 years was given to remove it from the soil. The statute now requires the evidence of a sale of standing timber to be in writing. Ky. St. 1903, section 1409, subsection 13, is as follows: "No contract for the sale of standing trees or standing timber shall be enforceable by action, unless said contract or some memorandum thereof, be in writing, signed by the person to be charged, or his duly authorized agent." The memorandum of sale, indorsed on the back of the original deed from Coffee and others to Hungerford, was sufficient, under this statute, to uphold a sale between the contracting parties as between them, and it would be unnecessary to determine whether by such sale the timber was to be treated as personalty or not; but, as the rights of third parties intervene, it is necessary to determine this question. It has long been the rule of this court in the construction of contracts of sale of growing trees, where the parties did not contemplate that they were to be immediately severed from the soil, that such sale did not convert the trees into personalty, but that

they still adhered to and formed a part of the realty, whether they were marked for identification or not. This rule was laid down in the case of Asher Lumber Company v. Cornett, 63 S. W. 974, 23 Ky. Law Rep. 602, approved in the cases of Dils v. Hatcher, 69 S. W. 1092, 24 Ky. Law Rep. 826, and Wiggins v. Jackson, 73 S. W. 779, 24 Ky. Law Rep. 2189, and reaffirmed in the recent case of Bell County Land & Coal Company v. Moss, 97 S. W. 354, 30 Ky. Law Rep. 6. Should these trees be treated as realty or personalty? Unquestionably, if the parties to the original contract had in contemplation their immediate severance from the soil, then they were personalty; and, treating the word "immediate" as a relative term, they contemplated that, proceeding as fast as they could reasonably be expected to, it would require the full length of the 10 years to remove said timber from the land, and that they therefore inserted in the contract of sale the time which they regarded as reasonable for this purpose, to wit, 10 years. This is the contention of appellants.

For appellee it is urged that the parties to the original contract did not treat these trees as personalty, and, as evidences of that fact, they had the writing evidencing the contract of sale prepared and executed in due form as a deed to realty, and that after its execution it was placed on record, as any other deed conveying realty would be. These circumstances tend most strongly to support the contention of appellee. In order to comply with the statutory provisions in every respect, all that would have been necessary would have been to have the deed of sale reduced to writing. The statute does not require that it be recorded. The contemporaneous construction placed upon their contract by the parties, as evi-

denced by the contract itself, is entitled to much weight. As stated in the case of Asher Lumber Company v. Cornett, above referred to, "the contract of sale in this case left the trees a part of the real estate, and this seems to have been the idea of the parties interested, as they executed a deed, which was formally acknowledged and recorded." In the original deed from Coffees to Hungerford the timber is not identified further than the statement that it passes title to all white oak trees growing on the land, 18 inches or more in diameter, and the marking of the trees was to be done thereafter, and this idea appears to have been carried out, as they were blazed and marked shortly after this sale and conveyance. In the case of Wiggins v. Jackson the sale was by parol, and the timber was to be removed within two years, and therein this court said: "Standing timber is a part of the realty. It was not sold in contemplation of immediate separation from the soil, and therefore the case is not within the rule announced by this court in the case of Cain v. McGuire, 13 B. Mon. 341, and Byassee v. Reese, 4 Metc. 372, 83 Am. Dec. 481." It may be stated that, in passing upon various questions involving the sale of standing timber that have come before this court, where the sale is made in contemplation of the timber's being cut immediately and separated from the soil, it is treated as personalty; but, where it was not in the contemplation of the parties that it should be immediately cut or severed from the soil, then it is to be treated as realty. We are of opinion that, if no time be fixed in the contract of sale for the severance and removal of the timber, then it must be done, if it is to be treated as personalty within a reasonable time. This court has held that two years is not a reasonable

time, and if two years is not, most surely the contention of appellants that ten years is a reasonable time must fail. If the parties, by agreement, could extend the time ten years in a contract, and thereby make it reasonable, they could, with as much propriety, extend it fifty years, and say that that was a reasonable time.

We come next to a consideration of the second question involved in this litigation, and that is, without regard to the character of the property which these trees assumed, and treating them as either realty or personalty, did any title to this timber pass from Hungerford to Rosengrant, as against appellee, an innocent purchaser for value? The title was in Hungerford, and was of record. The only evidence of the title which Rosengrant had was the indorsement on the back of the deed from Coffee to Hungerford, and this indorsement was never acknowledged or recorded, and there is not the slightest claim that appellee, or Marr and Herbert, from whom he acquired title, had any notice whatever that Rosengrant had purchased or was claiming said property. As above stated, this memorandum on the back of the Coffee deed was sufficient to pass title as between Hungerford and Rosengrant, as it complied fully with subsection 13, section 1409, Ky. St. 1903. Prior, however ,to this sale by indorsement on the back of the deed, the trees had been blazed and branded as aforesaid, and in order to protect himself, and give vitality and life to his purchase, Rosengrant should have complied at once with subsection 14 of section 1409, which is as follows: ''Whenever any timber has been branded by the seller or by another with his consent, with the brand of the purchaser or other person or corporation, then the title to said

timber shall at once pass to the person or corpora-
tion whose brand is thus placed upon it, but this shall
not affect the rights of the contracting parties with
respect to the payment of the purchase money.'' The
purpose of this statute we assume was to protect bona
fide and innocent purchasers. Had Rosengrant, follow-
ing his purchase, branded these trees, it would have,
at least, had the effect of putting prospective pur-
chasers from Hungerford upon notice, but he took
no step whatever to inform the public or prospective
purchasers that he had any interest whatever in said
timber in question.  The written memorandum on the
back of the original deed was the only evidence of
the transaction between himself and Hungerford, and
this he kept in his pocket.  At common law the rule
was that a sale of personal property, unaccompanied
by possession, was void as to innocent purchasers
without notice.  This same rule is now recognized
and enforced by courts of last resort generally.  Sub-
section 13, above stated, was complied with; but the
provisions of subsection 14, above referred to, were
not complied with, and the trees were not branded
or marked, evidencing their sale and symbolical de-
livery.  The title was not perfected in the purchaser
so as to protect him against the rights of an innocent
purchaser, and in the absence of some mark or brand
upon the trees to notify a prospective purchaser of
their symbolical delivery the possession remained in
the original owner, and therefore the transaction
falls within the provisions of section 1908, Ky. St.
1903, which is as follows: ''Every voluntary alien-
ation of or charge upon personal property, unless the
actual possession, in good faith, accompanies the
same, shall be void as to a purchaser without notice,
or any creditor, prior to the lodging for record of

such transfer or charge in the office of the county court for the county where the alienor or person creating the charge resides.''

Neither appellee nor those under whom he claims at the date of their purchase had any notice whatever that appellant were claiming title to the property in litigation. They were innocent purchasers for value, and under section 1908, above referred to, are protected in their purchase, even if the contention of appellants is correct, and the timber regarded as personal property. If it is regarded as realty, then appellee is protected in his purchase under section 496 of the Kentucky Statutes of 1903, wherein it is provided: ''No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deeds shall be acknowledged or proved according to law, and lodged for record.'' Appellant Rosengrant does not claim that he ever received a deed from Hungerford to the timber in question, and hence, of course, could not have complied with the provisions of section 496, above referred to. So that, considering the trees in question as either realty or personalty, the claim and contention of appellants thereto must fail, in as much as the record clearly establishes the fact that appellee was an innocent purchaser thereof for value. At the time that appellee and those under whom he claims made their respective purchases the record evidence showed that the title to this timber was in their immediate grantor. By the record he traces a perfect chain of title back to the original grantors, Coffee and others, whereas appellants trace their title back to Rosengrant, and there is no record evi-

dence whatever connecting his title with that of Hungerford, and the Coffees, from whom he purchased.

Perceiving no error in his ruling, the judgment of the lower court is affirmed.