### Farmers Bank of Hardinsburg, et al. v. Richardson.

(Decided October 5, 1916.)

#### Appeal from Meade Circuit Court.

1. Sales—Trees—Sale of When Growing on Land—When Treated as Personalty and When as Realty.—When trees growing on land are sold in contemplation of their immediate severance from the soil, they will be treated as personalty; otherwise as part of the real estate.

2. Husband and Wife—Sale of Standing Trees by Wife Alone—When Void.—Where a married woman, by a contract to which her husband is not a party, sells trees growing on her land, the contract is not binding upon her unless it contemplates the immediate severance of the trees from the ground.

3. Husband and Wife—Contract for Sale of Trees by Wife Alone.—When it appears that the trees were not to be cut from the land immediately, a written contract, by which the wife sells trees growing on her land, will not be binding upon her unless it is executed in the manner provided in sections 505 and 506 of the Kentucky Statutes providing how a married woman may convey her real estate.

ALLEN R. KINCHELOE and D. R. MURRAY for appellants.

J. D. HARDIN and W. D. ASHCRAFT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Mrs. Alice A. Richardson, the wife of Gus W. Richardson, as party of the first part, on August 26, 1911, entered into the following contract with the Farmers' Bank as party of the second part:

"Witnesseth:   That the party of the first part has this day sold all the white oak, post oak and red oak timber on her farm of 672 acres . . . for the agreed price of $2.50 per M.   Second party is to have two years to cut and remove said timber, and have reasonable rights of way to get out said timber and places for mill sets. Proceeds of timber to be first applied to the payment of a note held by the second party for $500.00 against Gus. W. Richardson, then any balance to be paid to the Farmers Deposit Bank of Brandenburg, Ky., which bank holds a mortgage on the said land and hereby agrees to this contract."

On August 28, 1913, Mrs. Richardson filed her petition in equity against the Farmers Bank, in which, after setting out the contract she averred that under its terms the right of the bank to enter on the land to cut timber or take timber therefrom expired on August 26, 1913, and that since that time it had gone upon the land and was cutting and taking timber and lumber therefrom over her protest, and in addition to this it had cut a number of trees which the contract did not give it the right to cut.   That she had been damaged by the wrongful acts of the defendant in cutting and taking away timber which the contract did not give it the right to cut and carry away, and in trespassing on the land after the contract expired, in the sum of eleven hundred dollars.

She further averred that the right of the bank to cut and remove timber expired on August 26th, and that she was the owner of all the trees it had cut but not removed from the land before that date.   The prayer of her petition was that the bank be enjoined from trespassing on the land or cutting any trees thereon.   That she be adjudged entitled to all the timber that it had cut but that was on the land on August 26th, and for damages in the sum of $1,100.00.

In its answer the bank averred that the date September 26, 1911, in the contract was a mistake and that the contract was not, in fact, executed until September 9th; accordingly it had the right under the contract to cut

and remove timber until September 9th. It denied that it had cut any trees not authorized by the contract or committed any trespass.

In an answer and amended answer the bank averred that in October, 1911, and in March, 1912, and again in April, 1912, Mrs. Richardson sold different parcels of the land covered by the contract and from which it had a right to cut and remove timber, to different persons without reserving the timber rights thereon to the bank and that this conduct on her part delayed it in taking from the land timber under the contract.

It further averred that before August 26, 1913, the husband of Mrs. Richardson, who was acting as her agent, requested it not to cut any more timber as an arrangement was on foot by which the bank would be paid $500.00 from other sources, and that acting on this request it delayed getting the timber. It further averred that it had advanced upon the contract to Mrs. Richardson, before it had received any timber, $500.00, and averred that it had a lien upon the timber to repay the $500.00 advanced by it. The prayer of this amended answer was that the petition be dismissed and that it have judgment against Mrs. Richardson for $500.00 in the event it was adjudged that it could not cut and remove the timber. It further prayed that it be adjudged a lien on the timber embraced in the contract to secure the payment of the $500.00, and that sufficient timber be sold to satisfy its claim.

The reply of Mrs. Richardson, after denying the affirmative allegations of the answer and amended answer, admitted a sale of the land as set out in the answer as amended, but denied that these sales prejudiced the bank. She further denied that the bank had ever advanced her any money, and averred that her husband, Gus. W. Richardson, owed the bank $500.00, for which he had executed to it his note, and that upon the execution of the timber contract which was entered into by the bank for the purpose of getting the money on this note, the bank surrendered to her husband his note that it held for $500.00. That the timber contract was, in fact, made by the bank for the purpose of securing the $500.00 that her husband owed it, and that her contract attempting to sell timber on her land for the purpose of paying this note was of no effect and not binding upon her.

On a trial of the case the court, after holding, on the facts that the contract expired August 26, 1913, further ruled, as a matter of law, that Mrs. Richardson, being a married woman, was not at any time bound by the contract and had the right at any time to rescind it and prevent the bank from cutting or taking any timber from the land. It was further ruled that the bank was entitled to retain for credit on the $500.00 debt of Gus Richardson any timber that it had cut or removed from the land before August 26, 1913, upon the ground that Mrs. Richardson voluntarily consented that the proceeds of this timber might be applied to the payment of her husband's debt. It was finally adjudged that Mrs. Richardson was entitled to damages in the sum of $60.00, the value of timber cut by the bank which was not embraced in the contract, and to $37.97, the value of timber taken from the land after August 26th by the bank, giving judgment against the bank for $97.97. The bank was further enjoined from cutting or removing any more timber from the land.

From this judgment the bank prosecuted an appeal.

It will be observed that Gus Richardson, the husband of Mrs. Richardson, is not a party to the contract. It was made with the wife alone and concerned timber growing on her land. If the contract had contemplated the immediate severance of the timber from the land, it might be treated as a sale of personalty by the wife under the rule announced in many decisions of this court, that a sale of standing trees in contemplation of their immediate severance from the soil is a constructive severance of them and they pass as chattels: Byassee v. Reese, 4 Met. 372.

But as the evidence shows that two years would not have been required to cut and remove this timber, it is apparent that the immediate severance of the timber from the land was not in the contemplation of the parties when the contract was made. Presumably the two years was given as a mere matter of convenience. Certainly it was not allowed on the ground that it would reasonably take that length of time to cut and remove the timber, which could have been cut and removed in a few months. Under the circumstances the timber remained a part of the realty.

In Bowerman v. Taylor, 127 Ky. 812, it was said: "It has long been the rule of this court in the construc-

tion of contracts of sale of growing trees, where the parties did not contemplate that they were to be immediately severed from the soil, that such sale did not convert the trees into personalty, but that they still adhered to and formed a part of the realty.''

Being then a part of the realty, the contract was not binding upon Mrs. Richardson, because her husband did not unite in the contract, nor had he theretofore conveyed his interest in the trees.

It is provided in sections 505 and 506 of the Kentucky Statutes how a married woman may convey her real estate, and it has been written by this court in a number of cases following these statutes that the conveyance by a married woman of her real estate, unless her husband is a party to the conveyance or has theretofore conveyed, is void as to the wife. We may, therefore, treat this contract as a nullity, and it was so treated by the lower court.

But, notwithstanding this, the lower court, and as we think correctly, ruled that to the extent the bank had taken from the land before August 26th, timber with the consent of Mrs. Richardson and applied it as a payment by her on her husband's debt, the sum so applied should be treated as a voluntary payment by her on this indebtedness.

The contract, however, being void, Mrs. Richardson had a right at any time to enjoin the bank from entering upon the land or cutting or removing any timber therefrom. So that the bank has no cause of complaint because of the injunctive relief afforded Mrs. Richardson, nor has it any rights growing out of this void contract that it could enforce against Mrs. Richardson. All that it was entitled to under the contract was the proceeds of the timber cut and removed by it during the life of the contract with the consent of Mrs. Richardson, and this it has under the judgment appealed from.

As the injunction was properly granted, the remaining question is, did the court commit error in giving a judgment against the bank for $97.97? Upon this feature of the case there is some conflict in the evidence, but the weight of it fully supports the judgment of the lower court awarding this sum, and so the judgment is affirmed.