CASE 90.—ACTION BY WILLIAM BAUSTIC AND ANOTHER AGAINST HAYS PHELPS AND ANOTHER.—Oct. 9, 1909.

## Baustic, &c. v. Phillips, &c.

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Affirmed.

1. Deeds—Construction—Meaning of Words.—Where a word in a deed is misspelled, the court will construe the deed according to the meaning of the word intended, rather than according to the meaning of the word actually used, especially where the latter construction would give no effect to the clause containing the word.

2.  Logs and Logging—Reservation of Timber in Conveyance of Land—Construction.—A deed of land providing that all poplar, etc., 20 inches and upward in diameter is "accepted" in this deed, and all the walnut timber 16 inches in diameter is "accepted, and all rights to remove same," reserves in the grantor the timber described; the word "accepted" being intended for the word "excepted."

3. Logs and Logging—Conveyance of Land with Reservation of Timber—Rights of Grantor.—Where the vendor reserves the trees growing on the land, or any portion thereof, they remain his property, and, as against the purchaser of the land, he may enter thereon, and, without doing any unnecessary damage, remove the timber, or he may sell such right or give license to another to exercise it.

4. Logs and Logging—Severance of Ownership of Land and Timber—Real and Personal Property.—Standing timber is realty unless bought with the intention of immediate severance from the soil, and standing timber reserved in the grantor of the land is realty.

W. H. FLANNERY and J. E. CHILDERS for appellants.

We maintain that reserved standing timber is personal property, that the five years' statute of limitations applies, and that we ought to have been permitted to prove adverse possession of same for that period. This we were not permitted to do.

## AUTHORITIES CITED.

Cates v. Vergin, 115 S. W. 794 Morris v. Sanders, 19 Ky. Law Rep. 1433; Bell County Land and Coal Co. v. Moss, 30 Ky. Law Rep. 6; Chestnut v. Green, 120 Ky. 385; Jackson v. Hardin, 27 Ky. Law Rep. 1110; Asher Lumber Co. v. Commonwealth, 22 R. 1771; Byassee v. Reece, 4 Met. 372; Cain v. McGuire, 13 B. Monroe, 274; Brown v. Taylor, 106 S. W. 846.

J. M. ROBERSON, BUTLER & MOORE, ROSCOE VANOVER and A. F. CHILDERS for appellees.

## AUTHORITIES CITED.

1. As to the necessity of making avowals: Bower v. Layne, 3 Met. 313; Chrystal v. Commonwealth, 9 Bush 669; Manion's Adm'r v. Lambert's Adm'r, 10 Bush 298; Louisville, Cincinnati & Lexington R. Co. v. Sullivan, 81 Ky. 627.

2. As to certifying to Bill of Exceptions: Section 339 Civil Code; Section 3115, Russell's Statutes of Kentucky; Mann v. Moore, 23 Ky. Law Rep. 2121.

3. As to instructions being part of the record: Clem v. Commonwealth, 3 Met. 10; Jane v. Commonwealth, 3 Met. 18; Mickey v. Commonwealth, 9 Bush 594; Garrott v. Ratliff, 83 Ky. 384; Forest v. Crenshaw, 81 Ky. 51; L. & N. R. R. Co. v. Finley, 86 Ky. 294; Louisville Southern R. Co. v. Lewis, 101 Ky. 302.

4. As to standing timber trees being realty: Dils v. Hatcher, 24 Ky. Law Rep. 826; The Asher Lumber Co. v. Cornett, 23 Ky. Law Rep. 602.

5. Difference between an exception and a reservation: Tiffany on Real Property, Vol. 2, page 872; Bond v. Cashie R. R. & Lumber Co., 127 N. C. 125.

6. As to removing standing timber when no set time is fixed for its removal: Davidson v. Moore, 18 Ky. Law Rep. 563; Hogg v. Frazier, 24 Ky. Law Rep. 930; Knotts v. Hydricks, 12 Rich. L. 314; Waite v. Baldwin, 60 Mich.622; Heflin v. Bingham, 56 Ala. 566; Putnam v. Tuttle, 10 Gray 48; Wheeler v. Carpenter, 107 Pa. 271; Magnetic Ore Company v. Marbury Lumber Company, 27 L. R. A. 434, 104 Alabama 465.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, William Baustic and Louisa Baustic, instituted this action against appellees, Hays Phillips and Grant Phillips, to recover certain saw logs in the possession of appellees and $100 for their detention. Appellees answered, denying appellants' title, and pleading title in themselves to the logs in question. The case was submitted to a jury, which returned a verdict in favor of appellees. From the judgment based thereon, this appeal is prosecuted.

It appears from the record that on May 8, 1896, John Phillips and Dora Phillips executed to William Baustic and Louisa Baustic a deed conveying to them a certain tract of land situated in Pike county, Ky. The deed contains the following provision:   ,

"All the poplar, cucumber and ash timber, 20 inches and upward in diameter, is accepted in this deed, and all the walnut timber, 16 inches and upward in diameter, is accepted, and all rights to remove same off of said land."

On September 18, 1896, John Phillips and his wife sold and conveyed by deed to Hays Phillips and Grant Phillips, appellees, the timber excepted from the pro-

visions of the above deed. The conveyance from John Phillips, etc., to Hays Phillips, etc., contains the following clause:

"There is no set time for taking said timber off of said land."

Appellants contend: (1) That the title to the timber in question actually passed to them under and by virtue of the provisions of the deed to them bearing date May 8, 1896. (2) If by the terms of the aforesaid deed title to the timber in question was reserved to the grantors, they had only a reasonable time within which to cut and remove the timber. (3) That, having been in adverse possession of the land and timber for more than 13 years, they had title thereto by virtue of the statute of limitations.

1. Upon the first point it is argued that there is a wide difference between the words "accepted" and "excepted;" that the deed should be construed to mean that the timber in question actually passed under the deed and was accepted by the grantees. In determining this question we must take into consideration the fact that no provision accepting any property conveyed by a deed is ever necessary in order to make the deed effective. If the deed convey a certain property, the mere acceptance of the deed itself carries with it an acceptance of the property. To construe the deed, then, as contended for by appellants, would be to give no effect whatever to the clause in question. Where it is perfectly plain that a word is misspelled, the courts will construe the deed according to the meaning of the word intended, rather than according to the meaning of the word actually used, especially where the latter construction would give no effect to the clause containing the doubtful word. If the word "accepted" be read "excepted," then

the clause in question has real meaning, and there is no reason why it should have been inserted in the deed. We therefore conclude that the parties intended to use the word "excepted," and thereby to reserve in the grantors the timber in question.

2. But it is insisted that the grantors had only a reasonable time within which to remove the timber; that, having failed to remove it in reasonable time, the title thereto became vested in the appellants. In support of this position they cite several cases. An examination of these cases, however, will show that the time of removal was actually fixed, or the contracts of sale contemplated the severance of the timber from the realty. In such cases it is held that the purchaser has only a reasonable time within which to remove the timber. Bell County Land & Coal Co. v. Moss, 97 S. W. 354, 30 Ky. Law Rep. 6; Chestnut v. Green, 120 Ky. 385, 86 S. W. 1122; Jackson v. Hardin, 87 S. W. 1119, 27 Ky. Law Rep. 1110.

In the case under consideration, however, the grantors did not reserve to themselves the mere right to cut and remove the timber. They excepted from the provisions of the deed the timber in question. Therefore the title never passed to the grantees, but remained in them. Where the vendor of land reserves the trees growing thereon, or any portion thereof, they remain his property, and as against the purchaser of the land he has a right to enter on the land and without doing any unnecessary damage cut and remove the timber, or he may sell such right or give license to another to exercise it. Heflin v. Bingham, 56 Ala. 566, 28 Am. Rep. 776.

Here the appellees, having title to the timber in question, simply cut the timber which belonged to them. The issue, then, was simply whether or not

the timber so· cut was of greater or less dimensions than those specified in the exception clause at the time of the purchase of the land by appellants. This issue was properly presented by the instructions of the court.                                        ,

The statute of limitations with reference to personal property has no application to the facts of this case. Standing timber is realty unless bought with the intention of immediate severance from the soil. Dils v. Hatcher, 69 S. W. 1092, 24 Ky. Law Rep. 826; Asher Lumber Co. v. Cornett, etc., 63 S. W. 974, 23 Ky. Law Rep. 602.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.