## Ford Lumber Company, et al. v. Cornett.

(Decided January 26, 1912.)

### Appeal from Letcher Circuit Court.

1.  Timber—Sale of—Removal—Time.—A sale of timber on a certain tract of land, to be removed in a given length of time, is only a sale of so much as is removed in the time.

2.  Same—Deed—Excepting Timber—Removal—Time Not Specified.—If timber be excepted in a deed, the title remains in the grantor, and if the deed is silent as to the time of removal. and there is nothing in the other provisions of the deed or the situation of the parties or the circumstances surrounding them when the deed was executed, to show that a severance of the timber from the land was contemplated by the parties, the grantor's title to the timber is not lost or defeated by his failure to remove it in a reasonable time.

3.  Same—Action for Value of Timber Cut Without Right—Defense.— In an action for the value of timber cut without right, the fact that the defendant cut the timber into logs and delivered the logs to another claimant who had filed suit and executed proper bond, and who disposed of nearly all the logs, does not constitute a defense against the claim of the true owner to the extent of the logs disposed of, the owners loss being due to the tortious act of the defendant.

D. D. FIELDS, DAVID HAYS and T. E. MOORE, JR., attorneys for appellant, Ford Lumber Company.

D. I. DAY, attorney for appellant, George W. Caudill.

FELIX G. FIELDS, IRA FIELDS and MONROE FIELDS, attorneys for appellant, Granville Cornett.

SALYER, BAKER & WAKEFIELD for appellant, W. W. Cornett.

JESSE MORGAN and J. J. WAKEFIELD, attorneys for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Ford Lumber Company, bought some timber from one Asher, branded with the letter "A." By mistake, it is claimed, it cut several trees so branded on an adjoining tract, which were not included in their deed from Asher. The timber so cut was poplar, and when cut and sawed, made about 116 logs.

W. W. Cornett brought this action of claim and delivery to recover the logs, or their value which he alleged to be $451.58, and $100 for their detention. He executed

bond as required by the Civil Code, and the logs were delivered to him. While appellant, Ford Lumber Company, was engaged in placing its logs in the river, it also placed 38 of the logs in controversy in the river in order to enable it to get its own logs into the water. Some of the 38 logs were carried away, but all were recovered except 16. With the exception of this number, W. W. Cornett sold and disposed of the logs in controversy.

Subsequently, Granville Cornett, A. B. Cornett and George W. Caudill intervened, each claiming that he was the owner of the logs in question, and asking judgment against appellant, Ford Lumber Company, for $451.58, the alleged value of the logs, and damages for their wrongful detention. The case was tried by the court without the intervention of a jury, and judgment rendered in favor of the intervening petitioner, A. B. Cornett, against the appellant, Ford Lumber Company, for the sum of $451.58, with interest from September 14, 1909, and costs, and W. W. Cornett, George W. Caudill, Granville Cornett, and the Ford Lumber Company were directed to pay their own costs. From this judgment, the Ford Lumber Company, W. W. Cornett, George W. Caudill and Granville Cornett prosecutes this appeal against A. B. Cornett.

It appears that on May 7, 1893, A. B. Cornett, by written contract sold to R. N. & W. W. Cornett one hundred and fifty poplar and ash trees standing on a tract of land which A. B. Cornett bought from Phillip Hall. The consideration was $300, and the vendees were given the right to remove the timber at any time within five years. This timber includes the timber in controversy.

On October 3, 1896, R. N. Cornett, by written contract, sold his interest in the timber bought by him and W. W. Cornett from A. B. Cornett, to W. W. Cornett.

On August 31, 1894, A. B. Cornett and wife conveyed the land from which the timber in controversy was cut, to George W. Caudill. The deed contains the following exception:

"Excepting all the poplar, ash and cucumber trees 6½ feet in circumference and upward, 3 feet from the ground, which are branded with the letter "C," together with the right of way, etc., except over growing crops."

On January 28, 1899, George W. Caudill and wife conveyed the same land to Granville Cornett. This deed contains the same exception contained in the deed from A. B. Cornett and wife to George W. Caudill.

From the foregoing it will be seen that W. W. Cornett claims the timber in question by virtue of his and R. N. Cornett's purchase from A. B. Cornett, and his subsequent purchase from R. N. Cornett. A. B. Cornett claims title by virtue of the exception contained in the deed which he executed to George W. Caudill. George W. Caudill claims under the exception contained in the deed to Granville Cornett. While Granville Cornett claims title by virtue of his present ownership of the land, and the failure of those through whom he derived title, and of W. W. Cornett to cut and remove the timber within a reasonable time.

The rule is that a sale of timber on a certain tract of land, to be removed in a given length of time, is only a sale of so much as is removed within the time (Chestnut v. Green, 129 Ky., 385; Jackson v. Hardin, 27 Ky. Law Rep., 1110). As W. W. Cornett and R. N. Cornett purchased the timber in 1893, and W. W. Cornett purchased R. N. Cornett's interest in 1896, and as W. W. Cornett's contract provided that it should be removed in five years, and he failed to remove it within that time, it follows that he has no title to the timber in question.

It is also the law that if timber be excepted in a deed, the title remains in the grantor, and if the deed is silent as to the time of removal, and there is nothing in the other provisions of the deed or the situation of the parties or the circumstances surrounding them when the deed was executed to show that a severance of the timber from the land was contemplated, the grantor's title to the timber is not lost or defeated by his failure to remove it in a reasonable time (Baustic v. Phillips, 134 Ky., 711, 121 S. W., 629; James D. Hicks, &c. v. Henry L. Phillips, &c., 146 Ky., 305). There being nothing in the present case to show that as between A. B. Cornett and George W. Caudill, or between Caudill and Granville Cornett, a severance of the timber from the land was contemplated by the parties, it follows that as between them the title to the timber remained in A. B. Cornett, and was not lost or defeated by his failure to remove it within a reasonable time. His title, however, was subject to be defeated by W. W. Cornett's removing the timber within five years. The latter having failed to do this, the title was perfected in A. B. Cornett as held by the trial court.

But it is insisted for appellant, Ford Lumber Com-

pany, that the judgment is excessive. In this connection it is argued that the company turned over to W. W. Cornett the logs in question upon the latter's executing bond as required by the Code, and as he sold and disposed of all the logs with the possible exception of about sixteen which were lost because the company placed them in the river, the company should not be required to pay for the logs disposed of by W. W. Cornett, but only for the sixteen logs lost because of the company's acts. It must be borne in mind, however, that the timber belonged to A. B. Cornett, and that the appellant company cut it without right. Therefore, the fact that the logs were turned over to another claimant upon the execution of proper bond, and disposed of by him, constitutes no defense to the action of A. B. Cornett who lost the timber because of the tortious act of appellant company. That being true, the trial court properly gave judgment in favor of A. B. Cornett for the full value of the timber cut, and on this phase of the case we see no reason to disturb the finding. As to appellant company's rights so far as W. W. Cornett is concerned we express no opinion, as no appeal against him has been prosecuted by the company.