## Hicks, et al. v. Phillips, et al.

(Decided May 31, 1912.)

### Appeal from Wayne Circuit Court.

Deeds—Reservations and Exceptions—Construction.—Timber on a specified part of land does not include saplings or undergrowth, but such trees as were, at the time of conveyance, of a size suitable for lumber. The right to remove timber so reserved, is not personal to the grantor, and may be transferred as any other property.

J. W. TUTTLE, O'REAR & WILLIAMS for appellants.

W. R. CRESS & SON for appellees.

RESPONSE TO PETITION FOR REREARING BY JUDGE LASSING—Overruling.

For original opinion in this case see 146 Ky., 305.

It is most earnestly urged that the court is in error in holding that a vendor has more than a reasonable time, within which to cut and remove from the soil the timber which he has reserved. Upon consideration, we adhere to the rulings expressed in the opinion.

It is also suggested that the rights of the parties, under the opinion, are not clearly defined, and much room is left for contention in determining what timber may be taken from the land by the representatives of Phillips, the original grantor. Webster defines "Timber" to be: Lumber used in building, carpentry, etc. It is immaterial whether the timber is cut and seasoned, or in the tree. This is the meaning usually given the term, in its commonly accepted use. It is so understood by lumbermen and timbermen. Saplings and undergrowth are not covered by the term "timber." Hence, the vendor, in reserving to himself the timber growing upon certain lands, retained the title to all of the trees standing thereon that were then of a size suitable to make lum-

ber; and any saplings or undergrowth, then growing upon the land that were not of a size suitable to make lumber or that have since grown, were not reserved, and pass, under the conveyance, to the vendee. The rights of the parties, under the contract, must be determined by conditions as they then were, rather than as they now are. In removing the timber, the representatives of the vendor must, at their peril, see to it that they take only such timber as was reserved.

Lastly, it is urged that the reservation in the deed was personal to the vendor, and the right to remove the timber, not having been exercised by him in his lifetime, his right cannot now be asserted by his heirs. To this argument we cannot agree. The timber which he reserved belonged to him, as much so as did any other property owned by him, and, at his death, it passed as his other property to his heirs at law.

Petition overruled.