## Burris, et al. v. Stepp.

(Decided January 21, 1915.)

### Appeal from Pike Circuit Court.

1. Contracts—Sale of Standing Trees—Statute of Frauds.—Under Sub-section 13, Section 1409, Kentucky Statutes, no contract for the sale of standing trees shall be enforcible unless the same or some memorandum thereof is in writing, signed by the parties.

2. Contracts—Sale of Standing Trees—Brands.—Sub-section 14 of the same Section does not limit application of Sub-section 13. Under this Section, when the written contract is executory and the trees contracted are branded by the owner, or with his consent, then the sale has the same force as a recorded sale of land.

J. S. CLINE for appellants.

ROSCOE VANOVER for appellee.

Opinion of the Court by Judge Nunn—Affirming.

Appellants sued the appellee to recover damages for breach of contract. The contract was verbal, and by it appellants claim to have purchased of appellee a number of standing trees on a certain boundary of land described in the petition. They say that the trees were purchased in contemplation of immediate severance from the soil. The lower court sustained a demurrer to the petition and the question on this appeal is, whether a verbal contract of this character is enforcible

In Byassee v. Rees, 4 Met., 372, it was held that a sale of standing trees in contemplation of immediate separation from the soil is a constructive severance of them, and they pass as chattel, and, therefore, the contract of sale is not within the Statute of Frauds. Appellants insist that this is still the law in Kentucky, and to support the contention, they cite the following more recent cases, all of which adhere to the rule laid down in the Byassee case: Pilford v. Dotson (1899), 106 Ky., 755; Wiggins v. Jackson (1903), 24 Ky. L. R., 2189; Strubbe v. Lewis (1903), 25 Ky. L. R., 605; Bell County Land Co. v. Moss (1906), 30 Ky. L. R., 6; King v. Cheatham (1907), 31 Ky. L. R., 1176; Bowerman Co. v. Taylor (1908), 32 Ky. L. R., 671.

In sustaining the demurrer, the lower court applied Sub-section 13, of Section 1409, of the Kentucky Statutes. This sub-section is an act of the 23rd day of March, 1900, and is as follows:

"No contract for the sale of standing trees or standing timber shall be enforcible by action unless the said contract or some memorandum thereof be in writing, signed by the person to be charged or his duly authorized agent."

This sub-section in express terms nullifies verbal contracts for any sale of standing trees. It makes no difference how soon they are to be severed from the soil. But appellants say Sub-section 13 is modified by Sub-section 14, which is also a part of the same act of March 23rd, 1900, and it is as follows:

"Whenever any timber shall be branded by the seller, or by another with his consent, with the brand of the purchaser, or other person or corporation, then the title to said timber shall at once pass to the person or corporation whose brand is thus placed upon it, but this shall not affect the rights of the contracting parties

with respect to the payment of the purchase money thereof."

The petition alleged that 161 of the trees were branded, and, by reason of that fact, appellants insist that the title passed, although the contract was verbal. But it seems to us that Sub-section 14 does not limit or modify the effect of Sub-section 13, or rather was not intended as an added means of passing title. As a rule, contracts for the sale of standing timber are executory, and most frequently provide for the sale of certain trees of a particular kind and definite specifications. Sub-section 13 does not require that writings evidencing such contracts shall be acknowledged or proven, or possess the other attributes of recordable instruments, neither are they entitled to record under the provisions of Section 494 of the Kentucky Statutes with reference to mineral and oil leases.

In view of the ruling of the Byassee case and the other cases cited, that standing trees sold in contemplation of immediate severance from the soil are chattels, and since they are not susceptible of manual delivery, it was, no doubt, the purpose of the legislature by Sub-section 14 to provide a means of identification that would take the place of recording, and serve as notice of such sales, so that creditors and innocent purchasers might be protected. Title, in fact, passed by the written contract as between the parties to it, but third persons without notice, such as creditors and subsequent purchasers, are no more affected by it than by any other unrecorded sale of land. However, when the trees are branded and identified, as provided in Subsection 14, they are affected in the same way as if the instrument were entitled to be, and had been, recorded.

The two sections taken together mean that all contracts for the sale of standing timber shall be in writing, and that whenever the particular timber contracted is branded by the seller, or by some other person with his consent, then the sale has the same force as to creditors and innocent purchasers as a recorded sale of land.

Appellants urge, with great force, that this application of Sub-section 13 is in conflict with the rule in the Byassee case, and which has been uniformly adhered to by this court, as evidenced by the cases above cited. But, from a careful examination of these opinions, it appears that all of them, except two, were based upon contracts entered into before the act of 1900 was passed.

In the King and Wiggins cases, *supra*, the opinions do not show the date of the contracts, but we have examined the records, and find in the King case the contract was made in 1895, and in the Wiggins case the contract was made in June, 1900, which was before the act of 1900 was effective. It contained no emergency clause, and, therefore, did not become a law until 90 days after March 23rd of that year.

The judgment of the lower court is, therefore, affirmed.