## Cheatham v. Head.

(Decided May 30, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Covenants—Warranty Did Not Apply to Timber Not Part of Realty.
   —Warranty in deed of land did not apply to timber unless it was part of the realty and was intended to be conveyed.

2. Logs and Logging—Sale of Standing Trees in Contemplation of Removal Converts them Into Personalty, and they do Not Pass to

Subsequent Purchaser of Land with Notice.—A sale of standing trees in contemplation of immediate separation from soil converts them into personalty, and they do not pass to a subsequent purchaser of land with notice, though this is not true where there is no contemplated immediate severance.

3.  Frauds, Statute of—Duly Executed Deed Necessary to Convey Timber.—A duly executed deed is necessary to convey title to timber, where there is no contemplated immediate severance.

4.  Deeds—Deed does Not Convey Personal Property on Land in Absence of Language to Include it.—A deed to realty alone does not operate to convey personal property located thereon, in absence of language broad enough to include it.

5.  Logs and Logging—"Immediate Severance" Construed as Relating to Transfer of Standing Timber.—The phrase "immediate severance," as employed in the rule that standing timber is converted into personalty by a sale contemplating immediate severance, does not mean severance "at once," but as soon as can reasonably be done under circumstances, which include amount of timber, accessibliity, labor conditions, etc., and a stipulated period of two years was not unreasonable.

6.  Logs and Logging—Branding of Timber Sold Unnecessary as Against Subsequent Purchaser of Land with Notice.—A sale of standing timber of a certain size was not invalid as against subsequent purchaser of land with notice, though timber was not branded as required by Ky. Stats., section 1409-14.

NAT W. HALSTEAD and JOHN CHANDLER for appellant.

GARNETT & VAN WINKLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Prior to September 3, 1918, the appellee and defendant below, W. O. Head, was the owner of and held title to a tract of land located in Spencer county, Kentucky, containing about 715 acres, 150 acres in the northern portion of which was well timbered with oak, ash and hickory. On that day defendant entered into a written contract with appellant and plaintiff below, A. M. Cheatham, by which he sold and plaintiff bought the entire tract at an agreed price and upon stipulated terms of payment. About ten days thereafter defendant and his wife executed acknowledged and delivered to plaintiff a deed conveying the land according to the terms of the written contract, and which deed contained the usual covenant of warranty of title. On April 19, 1920, plaintiff filed this ordinary action in the Jefferson circuit court against defendant and alleged in his petition that the warranty of title contained in the deed had been breached in that plaintiff had been evicted of the oak, ash and hickory

timber on the 150 acres above certain specified dimensions by the Wood Mosaic Company, a corporation dealing in timber and lumber, and by reason thereof he had sustained damages in the sum of $30,000.00, for which he prayed judgment, and also for the additional sums of $1,250.00, the amount of attorneys' fees paid in defending plaintiff's title to the timber in prior unsuccessful litigation he had with the Wood Mosaic Company, and for the cost of the action, amounting to $1,740.75, and $150.00 personal expenses incurred in that litigation. He afterwards amended his petition and sought to recover an item of $407.61, representing the amount of taxes which plaintiff had paid, but which under the terms of sale was due to be paid by defendant. The alleged breach of warranty consisted in the sale by defendant on February 27, 1917, of the character of timber involved growing on the 150 acres to the Wood Mosaic Company under a written contract, and that defendant had no title to that timber at the time he executed the deed to plaintiff, and that after that date defendant sought to eject the Wood Mosaic Company from the purchased land and it defended under its contract with defendant whereby it purchased the timber and succeeded in establishing its title to the timber in that litigation, and that defendant was notified of the pendency of that suit and called upon to defend plaintiff's title.

The answer denied the material allegations necessary to recover for the breach of warranty, and averred that the contract for the sale of the timber to the Wood Mosaic Company was made something more than eighteen months before the sale and conveyance of the land to the plaintiff and in contemplation of the parties that the timber should be immediately severed from the soil and not later than February 17, 1919; that shortly after the sale of the timber the purchaser thereof went upon the land and began to cut it and prepare it for the mill, and had cut all of it except about 50,000 feet (there being about 800,000 feet at the beginning) at the time of the sale of the land to plaintiff and was engaged in the cutting and stacking of the logs on the land during the negotiations for the sale, of all of which plaintiff had knowledge, he having inspected the land and saw the cutting and evidences of it before he agreed to make the purchase. It was also pleaded in the answer that defendant informed plaintiff before the sale of the land was agreed to of the fact that he had sold the specified timber to the Wood

Mosaic Company and that it had the right to cut and appropriate it with the accompanying privileges of ingress and egress for that purpose. The material averments of the answer were denied by reply and upon trial before a jury, it, under the instructions of the court, returned a verdict in favor of plaintiff for the amount of taxes paid by him ($407.61) with interest from the time it was paid, upon which judgment was rendered. Plaintiff's motion for a new trial was overruled, followed by his prosecuting this appeal to this court.

The only issue of fact, submitted to the jury by the court's instruction, bearing upon defendant's liability for breach of warranty, was whether plaintiff had knowledge of the sale of the timber at the time he purchased the land, and if so the jury was instructed to return a verdict for defendant in the main branch of the case based upon such alleged breach. The verdict returned necessarily found that he did possess such knowledge, and the correctness of that finding, under the evidence adduced, is not seriously called in question, but if it were there exist no grounds to disturb it, since the evidence is abundantly sufficient to support it, and no other material error in the way of admission or rejection of evidence or otherwise is urged. So that, in determining the correctness of the judgment we will do so upon the assumption that at the time plaintiff purchased the land he had knowledge of the sale of the timber by defendant to the Wood Mosaic Company with the obligation on it to cut and remove the timber as soon as practicable, but not later than two years (February 27, 1919) from the date of its purchase.

Learned counsel for plaintiff devote practically all of his several briefs to the argument that (a), a vendor is liable for a breach of warranty of title notwithstanding he may have had no title at the time of the conveyance *and* the vendee had knowledge of that fact, which doctrine this court has recognized and upheld in a number of cases, one of the latest of which is Foxwell v. Justice, 191 Ky. 749; and (b), that standing trees are ordinarily classed as real estate and pass under a conveyance of the land upon which they are standing. Numerous authorities are cited in support of both contentions and neither of them are disputed by counsel for defendant, and each of the propositions is recognized by us as both sound and thoroughly settled, and concerning which we entertain no doubt. We are convinced, however, that neither of them have any bearing upon the merits of this case as it is developed by the record.

It readily will be agreed that before contention (a) could be given effect or could avail plaintiff in this case, it would be necessary to establish that the timber which is the subject matter of this litigation was a part of the realty and as such was intended to be and was actually conveyed by defendant's deed to plaintiff, for if it was personal property at that time and formed no part of the realty the title to it did not pass by the deed and the warranty sued on did not apply to it. That proposition is a fundamental one in the law relating to real property, and it, therefore, becomes necessary to determine whether, under the facts as found or admitted and the applicable law as settled in this jurisdiction, contention (b) may be invoked by plaintiff to sustain his right of recovery.

The law in this Commonwealth (and it does not materially differ in the great majority of other jurisdictions) is that "A sale of standing trees, in contemplation of their immediate separation from the soil, by either the vendor or vendee, is a constructive severance of them, and they pass as chattels, and, consequently, the contract of sale is not embraced by the statute" (of frauds). Byassee v. Reese, 4 Met. 334, star, page 372. It was furthermore held in that case that such a sale of standing trees, *i. e.,* in contemplation of immediate separation from the soil, constructively converted them into personalty and the title thereto would pass as in the sale of a chattel, and it was impliedly held that the title of the purchaser of the trees, under such conditions, would prevail over a subsequent purchaser of the land with notice. The principles announced in that case have been applied under varying facts by this court, without qualification or modification, in numerous cases since then, some of which are: Moss v. Meshew, 8 Bush 187; Dils v. Hatcher, 24 Ky. L. R. 826; Tilford v. Dotson, 106 Ky. 755; Bowerman & Co. v. Taylor, 32 Ky. L. R. 671; Burris v. Stepp, 162 Ky. 269; Farmers Bank v. Richardson, 171 Ky. 340, and Gabbard v. Sheffield, 179 Ky. 442. In the last cited case the foundation for the rule of constructive conversion of the trees from realty into personalty under the indicated conditions is thus stated: "The rule by which standing trees, which are sold in contemplation of immediate severance from the soil, are converted from realty into personalty, is founded upon the equitable doctrine that, that which was intended to be done will be considered as having been done." All the cases hold that where there is no contemplated immediate severance and, consequently,

the purchaser has the right at any time to cut them, there is no constructive conversion, but in that case they still retain their character of realty and the purchaser obtains an easement in the land for the maintenance and sustenance of the trees until they are cut, in which case it is properly held that a duly executed deed is necessary to convey title to them, and that as between a subsequent purchaser and the vendor, the latter is liable for a breach of warranty of title for a *pro tanto* eviction if the purchaser should be deprived of the trees, since, in that case, they continue to maintain their characteristic as realty, they not having been converted into personalty, either actually, or constructively, because of a contemplated immediate severance.

It is conceded by counsel for appellant, and which is true, that a deed to realty alone does not operate to convey personal property located upon the conveyed real estate in the absence of language broad enough to include it; and hence, it also seems to be conceded by him that plaintiff did not obtain title to any of the timber that was cut at the time of the execution of the deed, which concession is bottomed upon the fact that the timber so cut was personalty located on the land and was not a part of the realty. In other words, it had been actually converted from realty into personalty. But sound reason and logic, upon which the law is built, can find no distinction as to the consequences between an actual and constructive severance, nor do the cases, *supra*, or any other authority coming under our observation, recognize any such distinction; which leaves as the next question for consideration (and it affects only the timber that was standing at the time of the execution of the deed), whether the timber in this case was sold in contemplation of immediate severance.

The phrase "immediate severance," as so employed, does not mean a severance "at once," but the word *"immediate"* as therein used is a relative term and contemplates a severance as soon as can reasonably be done under the circumstances, which include the amount of timber, its accessibility, labor conditions, etc. If, therefore, no time is fixed for the removal of the timber, it must be done if it is to be treated as personalty within a reasonable time, circumstances and conditions considered; and if the time is fixed and the circumstances and conditions show it to be reasonable, then the trees become personalty from the time of their purchase. Bowerman & Co. v.

Taylor, *supra;* Hicks v. Phillips, 146 Ky. 305; Eastern Ky. Mineral & Timber Co. v. Swan-Day Lumber Co., 148 Ky. 82, and Gabbard v. Sheffield, *supra.* The court held in the instant case that the stipulated period of two years in which to cut and remove the timber involved was not, under the circumstances and conditions, unreasonable, and that the sale of the timber was in contemplation of immediate severance from the soil within the meaning of the rule, *supra,* and with that finding we fully agree.

But, it is insisted that inasmuch as the trees that were sold were not branded by the seller, or any one else for him, as is required by section 1409-14 of the present Kentucky Statutes, the contention of defendant cannot prevail; but with that insistence we cannot agree. The section referred to, as well as the one immediately preceding it (1409-13), is a part of a statute enacted in 1900. Prior to that time, as was held in the Byassie case, *supra,* an oral contract for the sale of timber if its severance was immediately contemplated, was sufficient to pass title thereto as a sale of personalty, and a contract for that purpose was not within the statute of frauds. The last section of the statute above referred to (1409-13) required a contract for the sale of standing trees to be in writing, and thereby brought such a transaction within the statute of frauds regardless of the time of the contemplated severance of the timber. However, it was not therein or elsewhere enacted that the written contract therein required should be acknowledged or recorded so as to give subsequent purchasers constructive notice; and in the cases of Burris v. Stepp, *supra,* and Murray v. Boyd, 165 Ky. 625, it was held that the section of the statute prescribing for the branding of the trees was intended to take the place of and to supply the requirement for the recordation of deeds to real estate, *i. e.,* that the required branding of the trees was to furnish constructive notice to subsequent purchasers the same as is furnished by a recorded conveyance of land to such purchasers. If, therefore, a subsequent purchaser of the land from which the timber was sold, or if a subsequent purchaser of the same timber, had actual knowledge of the sale, then the purpose of a compliance with the branding statute would be fully met, and such purchaser possessing actual knowledge would be in no position to insist that the statute was not complied with, since actual notice dispenses with all required constructive notice. Everidge v. Martin, 164 Ky. 497; Vizard Investment Co. v. York, 167 Ky. 634, and

numerous other cases which might be cited, since the stated principle is both fundamental and elementary.

After a careful consideration of the whole record, we find no cause to disturb the judgment, and it is accordingly affirmed.