## Coleman, et al. v. Kelley, et al.

(Decided December 5, 1924.)

### Appeal from Pike Circuit Court.

1. Frauds, Statute of—Recovery Under Unenforceable Contract for Sale of Timber Limited to Quantum Meruit.—Where contract for sale of timber was not in writing as required by Ky. Stats., section 1409-13, seller suing for price of timber removed is not entitled to recover contract price, but only upon quantum meruit.

2. Frauds, Statute of—Note Without Consideration where Based on Contract Unenforceable Under Statute.—Note for purchase price of timber which maker was to remove under oral contract of sale was without consideration, since such contract was unenforceable under Ky. Stats., section 1409-13.

L. J. MAY for appellants.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Granting the appeal and reversing the judgment.

The appellees and plaintiffs below, Kelley and wife, sued the appellants and defendants below, U. G. Coleman and Company, a partnership, to recover the sum of $300.00 alleged to be due as the balance of the purchase price for standing timber on a tract of land owned by plaintiffs jointly, as alleged in the petition. It was

further alleged that defendants, under the contract of purchase, were required to remove the timber within twelve months, but it was not averred that all of the timber had been removed, or if not what portion of it had been. For some reason, which does not appear in the record, the court sustained the defendants' demurrer filed to the petition, and an amended petition was filed over the objections and exceptions of defendants, in which it was alleged that defendants executed a note to plaintiffs for the sum of $500.00 on May 1, 1919, and payable one year thereafter to the defendant, D. L. Kelley only, and that there had been paid on the note the sum of $200.00, leaving a balance of $300.00 unpaid. Some denials of material allegations were made in the answer and it also contained a plea of *non est factum*. After the evidence was heard before a jury, the court submitted only the issue as to whether defendants had executed the note, and if so the jury was directed to return a verdict in favor of plaintiffs for the amount sued for, which it did; and from the judgment pronounced on that verdict, after defendants' motion for a new trial was overruled, they have filed the record in this court with a motion for an appeal.

It appeared upon the trial by uncontradicted testimony that defendants, during the year given by them under the contract, cut and removed only about one-third of the timber included in the purchase, and accepting that fact as proven the $200.00 paid, even if it should be conceded that plaintiffs had the right to recover the contract price, would more than pay for the amount of timber removed. So that for the purposes of this case, we will assume it to be the fact that the standing timber, which was not removed by defendants, represented that proportion of the contract price for which judgment was sought and obtained; although if the contract was unenforceable, as is hereinafter shown, plaintiffs would not be entitled to recover the *contract* price but only upon a *quantum meruit*.

Upon the issue as to whether the firm name to the note (which was the manner in which it was executed) was subscribed by a member of the firm or by anyone authorized to do so by one of its members, the evidence was somewhat conflicting but largely preponderated in favor of defendants. However, it was admitted by plaintiffs that the only consideration for the note, if it had been validly executed, was the agreed purchase price of

the timber, and *a fortiori,* if that consideration failed for any cause, then a recovery should be denied.

Section 1409-13 of our present statutes expressly requires that a contract for the sale of standing trees or timber shall not be enforceable unless the contract or some memorandum thereof be in writing and signed by the person to be charged or his authorized agent. Prior to the enactment of that statute, it had been held by us in the case of Byassee v. Reese, 4 Met. 334, star page 372, and subsequent ones, that a contract for the sale of standing timber in contemplation of immediate severance from the soil need not be in writing and was enforceable though resting in parol; and most likely the statute was enacted in contemplation of those opinions. Since its enactment we have held in numerous cases that such contracts, though made in contemplation of an immediate severance of the timber, were not enforceable unless in writing signed by the party to be charged who, as also expressly held, was the vendor. Burris v. Stepp, 162 Ky. 269; Johnson v. Broughton, 183 Ky. 628, and Cheatham v. Head, 203 Ky. 489.

As stated in brief for appellees, their amended petition set out "that said trade was evidenced by a note of $500.00, signed by U. G. Coleman and Company," which in substance averred that the note was the only written evidence of the contract, and to our minds authorized the court to determine the case upon that hypothesis; but which would not be true upon a mere allegation of a contract, since in that case it would be presumed that the contract was evidenced in the manner required by law as to contracts of that nature. We are, therefore, of the opinion that the court should have sustained the demurrer to the petition as amended. Since, however, that was not done and the evidence showed that no writing of any character was ever signed by plaintiffs, the vendors of the timber, the court erred in not sustaining defendants' motion for a directed verdict in their favor.

Wherefore, the motion for an appeal is sustained and the appeal granted, and the judgment is reversed with directions to grant a new trial and for proceedings consistent with this opinion.