## Napier et al. v. Baker et al.

(Decided October 24, 1930.)

JESSE MORGAN and F. J. EVERSOLE for appellants.

W. H. MILLER for appellee S. C. Coldwell.

W. A. STANFILL for appellees Baker and Crawford.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

T. G. Napier and Leanah Napier began this suit to quiet their title to 400 acres of land and the timber thereon. The court adjudged Ira J. Baker and Nicholas Crawford to be the owners of the trees described in deeds (a) and (b) below and Ira J. Baker, Nicholas Crawford and S. C. Coldwell to be the owners of the trees described in deed (c) below, and the Napiers have appealed.

## DEED (A).

On July 3, 1907, T. G. Napier, and wife and Leanah Napier, a widow, for a consideration of $700 cash conveyed to the Swann-Day Lumber Company the following timber on the land in question upon the following terms:

"Two thousand (2,000) choice white oak and chestnut oak trees to be selected by and branded with the registered trade mark or brand, or timber brand, of the party of the second part (D), Capital 'D' enclosed in a triangle."

"And it is further agreed that the party of the second part shall have its own time to take the said trees off and have the right of ingress and egress and regress for the purpose of cutting and removing said timber, together with the right of way over and to the lands of the said party of the first part and the free use of such stone and timber and dirt as may be necessary to make good roads, tram roads and good and sufficient dams that may be necessary for the removal of said timber, either by hauling, tramming or floating the same with the right to make, build and erect the same necessary for the removing of the timber by hauling, tramming or floating, from the said lands or any lands adjacent thereto.

"The party of the first part hereby guarantees the care and protection of the said trees hereby conveyed, and it is further understood and agreed by the party of the first part that in order to insure the title to the trees herein conveyed that the second party has and is hereby given a lien upon the lands above described said lien to indemnify said party of the second part against any loss he may sustain by reason of the failure of the title to any part of said trees, in case the title of the party of the first part shall fail to any part thereof and thereby the party of the second part should lose any of the said trees."

### DEED (B).

On that same day the Napiers, for a consideration of $200 cash, sold the Swann-Day Lumber Company the following timber on this same land and on the same terms:

"Four hundred choice white oak and chestnut oak trees, to be selected by and branded with the registered trade mark or brand, or timber brand, of the party of the second part D; (Capital 'D' inclosed in a triangle.)"

These deeds were recorded July 5, 1907.

### DEED (C).

On November 24, 1914, the Napiers, for a consideration of $750 cash, sold and conveyed to John McIntosh the following timber on this same land upon the same terms as in deed (a):

"All the pine, ash, cucumber, lynn and poplar and hickory and 100 chestnut choice and all the oak trees standing and growing on the following described tract of land except black oak that have not been conveyed to Swann-Day Lumber Company and not branded by them."

This deed was recorded September 24, 1917. By mesne conveyances the property and rights granted in deeds (a) and (b) have been conveyed to and are now owned by Ira Baker and Nicholas Crawford, and those under deed (c) have been conveyed to and are now owned thus:

Nicholas Crawford and Ira Baker together own one-half and the other half is owned by S. C. Coldwell.

The basis of the claims of the Napiers is this:

(x) They claim they were not paid the $700 cash as was recited in deed (a), but there is no allegation that this was known to the appellee Crawford when he acquired his interests in this timber; Ky. Stats., sec. 2358.

(y) They cite and rely upon the following cases as supporting their claim to this timber, it being the contention of the Napiers that, whatever rights the appellees or those under whom they claim may have acquired under these deeds, it has been lost by abandonment: Kentucky Coal & Timber Development Co. v. Carroll H. Co., 154 Ky. 523, 157 S. W. 1109; Bowerman & Co. v. Taylor, 127 Ky. 812, 106 S. W. 846, 32 Ky. Law Rep. 671; Cheatham v. Head, 203 Ky. 489, 262 S. W. 622; Hurt v. Chess & Wymond Co., 111 S. W. 285, 33 Ky. Law Rep. 767, and other similar cases. We have examined these and the holding of them is this:

Where a contract for the sale of standing timber contemplates its immediate severance, the buyer is required to remove it within a reasonable time, and the sale operates to convert the timber into personal property.

The facts in this case make these decisions inapplicable, and make a different series of decisions applicable, for example, these holding that sale of standing timber by absolute conveyance with an indefinite time, for its removal, passes an interest in real estate: McCoy v. Fraley (Ky.) 113 S. W. 444; King v. Cheatham, 104 S. W. 751, 31 Ky. Law Rep. 1176; Wiggins v. Jackson, 73 S. W. 779, 24 Ky. Law Rep. 2189; Dils v. Hatcher, 69 S. W. 1092, 24 Ky. Law Rep. 826; Asher L. Co. v. Cornett, 63 S. W. 974, 23 Ky. Law Rep. 602; and 38 C. J. p. 153, sec. 27.

A vested interest in real estate cannot be lost by abandonment. United Mining Co. v. Morton, 174 Ky. 366, 192 S. W. 79; 1 C. J. 10, sec. 14.

These is nothing in these deeds to indicate an immediate severance of this timber was contemplated; they plainly show the timber was conveyed outright, with unlimited time for its removal.

The judgment is affirmed.