## Vanbever v. Evans et al.

Jan. 14, 1944.

Golden & Lay and W. L. Hammond for appellant.

H. H. Owens for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

We have for consideration reservations or exceptions of timber from conveyances of about 450 acres of land. On May 12, 1930, Joe Smith deeded to Robert Vanbever an undivided one-half interest in the land. Provision was made for the grantee to have a survey made before maturity of a purchase-money note, twelve months thereafter, and the exact consideration to be calculated thereon. The deed contained the following provision: "The timber measuring fifty-five inches girth over the bark, two feet from the ground on the upper side of the tree, is here reserved with all appropriate and desirable rights to remove same. However, if same is not removed within twelve months from date hereof, first party shall brand said timber so reserved. Second party grants to first party without further consideration, the right to remove or manufacture any of said timber, over and upon the other lands owned by second

party, as a part consideration for this transaction and said right shall be an easement, running with the land.''

On February 26, 1931, another deed was executed which referred to the former one. It recited that a survey had been made and that the deed was executed in order to convey the undivided one-half covered by the deed according to that survey, and also to convey the remaining half interest. The same provision as to the timber was put in this deed except for the sentence referring to the obligation of the grantee to brand the timber if it had not been removed in twelve months. It was recited that all of it ''has been marked and branded by the first party.''

In September, 1943, Vanbever, the grantee, brought this suit against the heirs of Joe Smith and a lumber company asserting title to the timber and praying a declaration of his right thereto and for an injunction against the defendants trespassing upon the land and logging the timber. The petition was dismissed upon demurrer and the plaintiff appeals.

It is well recognized that an estate in land may be divided so as to create separate and distinct estates in the surface or soil, in the standing trees, and in the minerals. Gabbard v. Sheffield, 179 Ky. 442, 200 S. W. 940, 15 A. L. R. 1. In contracts or conveyances of this character where no time for removal of the trees is specified, the question often arises whether an estate in fee simple or an estate determinable by failure to remove them within a reasonable time is conveyed or reserved. In the search for the intention of the parties to indefinite conveyances, reservations or exceptions of growing timber, certain deductions have been made from the phraseology of the instruments and the circumstances or conditions disclosed. Upon those deductions and considerations quite definite rules have been established for construing similar expressions and conditions. They are not altogether harmonious among the various jurisdictions, doubtless because of the influence of different local customs, particularly those entering into the business of logging. Our own rules have been pretty well established. Eastern Kentucky Mineral & Timber Company v. Swann-Day Lumber Company, 148 Ky. 82, 146 S. W. 438, 46 L. R. A., N. S., 672; Hicks v. Phillips, 146 Ky. 305, 142 S. W. 394, 47 L. R. A., N. S., 878; petition for rehearing overruled, 148 Ky. 670, 147 S. W. 42, 47 L. R.

A., N. S., 882; Napier v. Baker, 235 Ky. 724, 32 S. W. (2d) 49. Difficulty is sometimes encountered in classifying the facts or determining which rule is applicable.

This case comes within the class of those where the trees reserved are specified or identified but no time limit is named for their removal. In such cases it is held where the deed is silent as to the time of removal and there is nothing in other provisions or in the situation or circumstances to show that it was contemplated that the trees should be severed, the grantor's title is not lost or defeated by his failure to cut and remove the timber. Baustic v. Phillips, 134 Ky. 711, 121 S. W. 629; Hicks v. Phillips, supra; Ford Lumber Company v. Cornett, 146 Ky. 457, 142 S. W. 718, 719, petition for rehearing overruled, 148 Ky. 25, 145 S. W. 1105; Gabbard v. Sheffield, supra.

It is inferable from the language of the first deed that the parties did not contemplate that the timber should be removed in twelve months, although they might have been if the grantor had desired to do so. They were branded during those twelve months, as the exception in the deed provided should be done. This may have been provided and done in order to comply with the statute, Sec. 1409-14, Ky. Stats. (now KRS 364.120) declaring that title to standing timber passes at once to the purchaser whose brand is placed upon it (which has the same effect as the recording of a written instrument for the sale of land as far as notice is concerned, Burris v. Stepp, 162 Ky. 269, 172 S. W. 526) and, as well, in order to identify the trees and prevent removal of others which might grow to that size before those reserved had been cut. The fact that the exception embraced all trees about 18 inches in diameter and larger, which is obviously of a size proper and profitable for logging, together with the perpetual easement granted over the grantee's adjoining land for the removal of the timber, are most important considerations. It is another important consideration that the grantor excepted from the conveyance all of the timber of logging size in a large tract where there was much of it and not only a limited quantity. While it was contemplated the timber should be cut sometime, the stipulations and conditions show an intention not to restrict the time when it must be done. Napier v. Baker, supra. This distinguishes the case from Kentucky Coal & Timber Co. v. Carroll, etc., Co., 154 Ky. 523, 157 S. W. 1109.

A severance of the estates was made and title never passed to the estate in the standing trees. Baustic v. Phillips, supra; Hicks v. Phillips, supra.

There is a great difference in such a case and one like Hudson v. Cox, 210 Ky. 30, 274 S. W. 1118, where the grantor reserved ''sufficient timber * * * to make two barn patterns and one double crib pattern, * * * estimated to be 36,900 feet.'' The grantor removed about 8,000 feet shortly thereafter and did not undertake to log the balance for two years. The circumstances were such as to indicate a prompt removal was contemplated, which intention constitutes a constructive severance and conversion of the trees into personal property. Cheatham v. Head, 203 Ky. 489, 262 S. W. 622. The reservation was apparently incidental to the main purpose of the conveyance, that is, to transfer the entire title to the property except a limited quantity of timber. For all practical purposes the reservation in that case amounted to little more than a license. In that case we held the failure to specify a definite time in which to cut and remove the timber implied that it should be within a reasonable time and that considering that implied provision in connection with the circumstances surrounding the transaction and subsequent acts of the reserver he lost his right to take the timber.

We are of opinion, therefore, that the judgment should be and it is affirmed.