### GROSS v. GATLIFF et al.

Court of Appeals of Kentucky.

May 2, 1952.

Rehearing Denied June 13, 1952.

Joe S. Feather, Williamsburg, for appellant.

T. E. Mahan, Williamsburg, Cleon K. Calvert, Pineville, for appellees.

LATIMER, Justice.

By his intervening petition appellant sought a declaration of rights concerning the ownership of a certain boundary of timber. Appellees demurred to the petition, but before same was passed on by the court, appellant filed an amended intervening petition. Motion to strike this amended intervening petition was sustained. The court then sustained the general demurrer. Upon appellant's refusal to plead further his petition was dismissed, from which he prosecutes this appeal.

The only facts presented are those to be found in the petition and exhibits filed therewith. The question presented is whether or not under his deed appellant owned all the timber on a 400-acre tract located on Pine Mountain. In 1901, Dr. Gatliff and his wife, Florida Gatliff, conveyed to W. H. Provins an undivided one-half interest in the land and the timber on the entire boundary of this 400-acre tract. Nothing was said in the deed as to time limit for the removal of the timber. On the 4th day of January, 1913, Provins and his wife conveyed to William Siegrist this same tract of land and in the deed we find these words: "All the timbers and one undivided half interest in the land". William Siegrist conveyed the entire 400 acres to Mary Siegrist, no mention having been

made of the timber. Mary Siegrist conveyed to W. A. Gross, appellant, by general warranty deed, the entire 400-acre tract on April 19, 1946, no mention having been made of the timber.

After W. A. Gross obtained his deed he learned that the heirs of Dr. Gatliff had an interest in the land and that there was error in deeding to him the entire tract, as Dr. Gatliff or his heirs had never parted with title to a one-half undivided interest in the land. He thereupon sought to make a division of the undivided interest. To accomplish this, on January 13, 1947, reciprocal deeds were executed between Gross and the heirs of Dr. Gatliff. It appears that the partition deed executed by Gross and his wife to the heirs of Dr. Gatliff was the influencing factor in the court's ruling, the pertinent parts of which are:

"* * * for and in consideration of the sum of One ($1.00) dollar, and exchange and division of lands jointly owned, (this deed conveys to grantees the West one-half portion of tract of land heretofore jointly owned by grantors and grantee) and grantees now own the whole of said West side of said tract of land, * * *."

and the habendum clause:

"to have and to hold the same together with all the appurtenances thereunto belonging unto the parties of the second part their heirs and assigns forever. And the said part of the first part hereby covenants with the said part * * * of the second part, that they will warrant the title to the property hereby conveyed unto the said parties of the second part and their heirs and assigns forever."

■ There seems to be no contention on the part of appellee but that the sale of the timber of Dr. Gatliff in the original deed created a separate fee. Such seems to be the general rule. Gabbard v. Sheffield, 179 Ky. 442, 200 S.W. 940, 15 A.L.R. 1; Vanbever v. Evans, 296 Ky. 378, 177 S.W.2d 148. Nor do appellees dispute the position taken by appellant that the parti-

tioners in voluntary partition deeds acquired no greater right or interest in the property than they had before the partition. However, appellees insist that the deed specifically recites a valuable consideration and is a general warranty deed to the west half, which included both timber and land as evidenced by the use of the word "whole".

What appellee says may be true if it has sufficient substance in fact. By his intervening petition appellant stated that he had learned he did not own all the lands and entered into negotiation with appellee for division, resulting in the reciprocal deeds above. He stated that the consideration for the deed was the division of lands jointly owned by the parties and that there was never the intent to deed to plaintiff any portion of timber located on the lands and that there was only a division of what the parties owned. He stated that the heirs of Dr. Gatliff had no interest in the timbers and that the timber was not jointly owned and that the only consideration was a division of the property jointly owned. He further alleged that if the deed should be construed as to convey to plaintiff any timber located on west side of survey same should be set aside as being made without consideration. He further stated that an actual controversy exists between the two parties as to who is the owner of the timber and asked for a declaration of rights relative to same.

■■ We are by no means saying that the partition deed did not purport to convey the land and the timber. However, in the absence of proof in the matter we cannot say that there was no valuable monetary consideration, nor possibly such unequal value in one or the other portions of the land partitioned as to be a valuable consideration for the conveyance of the timber thereon. We are constrained to the conclusion that under the allegations of the petition, which upon demurrer were taken as true, the court erred in sustaining the demurrer.

The judgment is reversed for proceedings consistent herewith.