**J. B. GATLIFF et al., Appellants,**

v.

**W. A. GROSS, Appellee.**

Court of Appeals of Kentucky.

March 24, 1961.

T. E. Mahan, Williamsburg, for appellants.

Joe S. Feather, Williamsburg, for appellee.

MILLIKEN, Judge.

A sequel to Gross v. Gatliff et al., Ky. 1952, 249 S.W.2d 17, this appeal involves the construction of a deed of an interest in 400 acres of land in Whitley County. The litigants were joint owners of the property, but Gross was the sole owner of the timber rights in the entire 400-acre tract at the time of the present conveyance. In order to effect a partition of the property, Gross proposed that the Gatliff heirs convey to him their interest in the eastern half of the tract and he would convey to them his interest in the western half. The question is: Did Gross convey his wholly owned timber rights in the western half?

The deed from Gross declares "in consideration of One ($1.00) Dollar, and exchange and division of lands jointly owned, (this deed conveys to grantees the West one-half portion of tract of land heretofore jointly owned by grantors and grantee) and grantees now own the whole of said West side of said tract of land, upon the execution of this deed * * * do hereby sell and convey to the parties of the second part, their heirs and assigns * * * To have and to hold the same together with all the appurtenances thereunto belonging * * *."

Persuaded by a stipulation that the exchange of deeds between the parties "was a partition made of the lands" into two parts "equal according to quantity, quality and value," the chancellor concluded that the exchange of deeds was a partition of only that interest in the 400 acres which the parties owned jointly, and, consequently, did not effect a transfer of Gross' timber rights in the portion he conveyed. He commented that the stipulation did not say "land and timber."

Handicapped by the deaths of two men—a surveyor and the agent of the Gatliff heirs—who purportedly were familiar with the circumstances surrounding the initiation by Gross of the division of the tract, the appellants nevertheless contended that the deed was intended to convey all of Gross' interest, including his timber rights, in the western half of the tract. A subsequent conveyance of the eastern half by Gross to a third person which did not mention his timber rights and Gross' failure

and refusal to pay taxes in Whitley County on the timber rights, which he now asserts he still owns, somewhat support the contention of the Gatliff heirs that Gross' deed to them was intended to include all of his interest, including his timber rights, and not just the interest which he held jointly with the Gatliffs. In 1901 Dr. Gatliff had sold all timber rights in the tract, without fixing a time for its removal, and that conveyance is in Gross' chain of title. Such a conveyance of standing timber without fixing a time for its removal is the conveyance of an interest in real estate in Kentucky (Vanbever v. Evans, 296 Ky. 378, 177 S.W.2d 148; Gabbard v. Sheffield, 179 Ky. 442, 200 S.W. 940, 15 A.L.R. 1; McCoy v. Fraley, Ky., 113 S.W. 444), so there is no question about Gross' owning the timber rights in the entire tract at the time of his conveyance to the Gatliff heirs. Confronted with Gross' denial that he intended to convey his timber rights in the west portion of the tract, the chancellor concluded, in a written opinion, that the exchange of deeds between the parties dividing the 400-acre tract was in legal effect a partition of the interest in it which they held jointly, and did not convey Gross' wholly owned timber rights in the west half of the tract. 68 C.J.S. Partition § 17, p. 22, states in part:

> "Partition by act of the parties operates only to sever the unity of possession. It does not create or confer on the parties thereto any new, different, or additional title or enlarge or diminish the estate; and the fact that deeds exchanged between cotenants in effecting the partition contain covenants of general warranty does not affect the operation of this rule.

> "Each party has precisely the same title which he had before the partition, and neither cotenant derives title or interest of his cotenants, the undivided interest which he held in the whole tract being by the partition severed from the interests of his cotenants and concentrated in the parcel set apart to him,

and their interests being excluded therefrom."

While there may be misgivings about what really was intended to be conveyed by the deed, we think the chancellor was justified in reaching the conclusion he did. CR 52.01.

The judgment is affirmed.